DERBY *v.* CULVER.

1. AUTOMOBILES — NEGLIGENCE — TIRE BLOW OUT—SPEED—LOSS OF CONTROL.

Finding by court that driver of defendants' car was negligent *held,* conclusively supported, where evidence shows that following blowout of right rear tire speed was reduced to 35 miles an hour as car traveled some distance partially off right side of pavement and in an attempt to get car back on pavement driver lost control, crossed over to left side pavement immediately in front of car driven by plaintiff's decedent, causing collision.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Finding of court that plaintiff's decedent was not guilty of contributory negligence *held,* justified by evidence which shows he crashed into oncoming car that had suddenly turned to its left side of road immediately in front of him while he was driving in a lawful manner.

Appeal from Wayne; Gadola (Paul V.), J., presiding. Submitted October 9, 1934. (Docket No. 60, Calendar No. 37,704.) Decided January 7, 1935.

Case by Carl O. Derby, administrator of the estate of Arnello Leo Sulpizio, deceased, against Chester M. Culver, W. Scott Tyler and Employers Association of Detroit, a Michigan corporation, for negligence causing death of plaintiff's decedent in an automobile collision. Judgment for plaintiff. Defendants appeal. Affirmed.

*Anthony Maiullo* (*Stuart W. Hill,* of counsel), for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendants.

NORTH, J. Plaintiff's decedent received fatal injuries in an automobile accident which occurred on US-16 approximately one-half mile east of its intersection with M-100. The accident happened in the nighttime, the weather and road conditions being normal. Plaintiff's decedent was driving a Chevrolet car in a westerly direction. The other car, a seven-passenger Cadillac sedan, was going in an easterly direction. This car was owned by the defendant Employers Association of Detroit, but it was being used by defendant Culver for whom defendant Tyler was driving. The case was tried without a jury. Plaintiff had judgment and defendants have appealed. Appellants challenge the correctness of the trial court's finding that defendants were guilty of negligence and that plaintiff's decedent was not guilty of contributory negligence.

In part plaintiff charges defendants with negligence as follows:

"(b) Driving a motor vehicle upon the highway at a rate of speed greater than is reasonable and proper, having due regard to the traffic, the surface and width of the highway and of other conditions then existing and the use of the highway, or so as to endanger the life and limb of any person or the safety of any property contrary to Act No. 318, Pub. Acts 1927, and all acts amendatory and supplemental thereto. * * *

"(d) Driving a motor vehicle on the left side of the center of the paved way.

"(e) Failing to have under control the motor vehicle they were then driving."

The record discloses that as defendants were driving at a rate of at least 45 to 50 miles per hour the tire on the right rear wheel exploded, the automobile thereupon veered to the right far enough to

take the right-hand wheels off the pavement and onto the shoulder of the road. After continuing some distance in an easterly direction with the left-hand wheels on the pavement and the right-hand wheels off, the driver attempted to turn to the left to get his machine back onto the pavement and in so doing he lost control of the car, crossed over onto the northerly side of the pavement and at that instant the car of plaintiff's decedent coming from the east crashed into the right-hand side of defendants' automobile. As bearing upon the question of negligence we quote from the testimony of defendant Tyler, the driver of the Cadillac car.

"I believe we were going 45 or 50 miles an hour at the time that I got off the pavement. * * * The three of us were sitting in the front at the time we left Grand Rapids and I stayed in that position until the time of the accident. * * * It was a very narrow highway. * * * I have understood since it is only 16 or 18 feet wide and that is a narrow highway. * * * I saw this car that came towards me that we collided with before the accident. * * * I realized at the time the right rear tire had gone down on us. When that tire went down I took to the shoulder of the road and ran along there a short distance. * * * I didn't want to go into the ditch. I did not apply my brakes for that reason. So that the momentum of our car kept right along the shoulder of this road and then I turned over to the left. When I turned to the left I applied the brakes slightly. When I turned to the left the car suddenly swerved as if it caught, just suddenly whirled around and felt like a chain in my hands. When I turned our car to the left the car suddenly swerved around and headed across and when it did that we collided with the other car which was going in the opposite direction. * * * I was driving the car under control. * * * I knew that the shoulder was hard after I got out on

it, but I didn't want to stay on the shoulder for fear of getting into the ditch. I saw this car (of plaintiff's decedent) coming. I didn't see it when I turned to the left. It must have been right on top of us judging from the crash. * * * I may have glimpsed the car coming as I was turning to the left onto the highway. I did look. I saw the two lights of this Chevrolet. I don't know how far he was from me when I turned to the left to go back onto the road. I wouldn't hazard a guess whether he was 30, 40 or 50 feet away. * * * We were going possibly 35 miles an hour at the time that the two cars came together.''

From the foregoing testimony of one of the defendants, as well as from other testimony in the record, it conclusively appears that while the Cadillac was going something like 35 miles per hour and was under the driver's control he attempted to get back onto the pavement by turning to his left at the very instant the Chevrolet was approaching from the easterly direction. At that time the driver of the Cadillac was not confronted with any emergency which justified his attempting to turn to the left at the rate of speed at which he admits he was going and with the oncoming Chevrolet at a point where in the exercise of reasonable care he was bound to see it. This was negligence and is ample to sustain that phase of the trial court's finding.

The record also justifies the conclusion of the trial judge that plaintiff's decedent immediately prior to the accident was driving along the highway in a lawful manner, that the testimony discloses nothing which would justify finding that he was forewarned so that in the exercise of requisite care he might have avoided the accident; but instead that the accident was caused by turning the Cadillac machine to the left and across to the northerly side of the pave-

ment and the collision resulted without negligence on the part of plaintiff's decedent.

The judgment entered in the circuit court is affirmed. Costs to appellee.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.