MEEHL v. BARR TRANSFER CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict for defendant, the testimony must be viewed in a light most favorable to plaintiff.

2. NEGLIGENCE—IMPUTED NEGLIGENCE.
   The negligence, if any, of the driver of the light delivery truck in which plaintiff was riding when injured as it collided with defendant's unlighted tractor and trailer in the nighttime would be imputed to plaintiff.

3. AUTOMOBILES—NEGLIGENCE—ENTERING HIGHWAY WITH UNLIGHTED TRACTOR AND TRAILER.
   When a defendant driver emerging in the nighttime from a driveway, parkway, or an open space in a country district does not light his tractor and trailer, pays no attention to the lights of an oncoming truck in which plaintiff is riding, drives out into a highway and momentarily blocks it, and drives at such a rate of speed that plaintiff's driver does not see defendant's vehicles until too close to stop, defendant is negligent as a matter of law (1 Comp. Laws 1929, § 4736).

General rules of imputed negligence on joint enterprise, see 2 Restatement, Torts, § 491 and comments.

For standard of conduct required of a plaintiff, see 2 Restatement, Torts, § 475; function of court and jury in determining plaintiff's negligence, see 2 Restatement, Torts, § 476.

4. SAME—DUE CARE.

    The duty of so driving as to have assurance of safety ahead is imposed by the law of the road and exacts no higher degree of care than that of the common dictates of prudence.

5. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—EMERGENCE OF UNLIGHTED TRACTOR AND TRAILER FROM DARK PARKING PLACE.

    Question as to whether driver of light delivery truck in which plaintiff was riding was guilty of contributory negligence imputable to plaintiff was for jury where it appears that the driver was an employee of a business in which plaintiff was interested, drove the truck at speed of 40 miles an hour on a superhighway in the nighttime, which truck was equipped with good brakes and headlights which illuminated the road 200 to 400 feet ahead, and that defendant's unlighted tractor and open-bodied trailer, 30 feet in length and moving at about 7 miles an hour, loaded with bags, emerged from dark parking space in front of a tavern in the country and traversed at right angles the lane in which plaintiff's truck was being operated (1 Comp. Laws 1929, § 4736).

Appeal from Berrien; Evans (Fremont), J. Submitted January 10, 1941. (Docket No. 69, Calendar No. 41,408.) Decided March 11, 1941. Rehearing denied May 21, 1941.

Case by Charles W. Meehl against Barr Transfer Company, a corporation, for damages resulting from an automobile accident. Directed verdict for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Albert D. Wing* and *Robinson & Lynch,* for plaintiff.

*Clifford A. Mitts, Jr.,* for defendant.

BUTZEL, J. Plaintiff Meehl was returning from Chicago to Benton Harbor on US-12 in a light delivery truck on April 3, 1939, at 10 p.m. The truck was driven in an easterly direction at a speed of 40 miles per hour or thereabouts by an employee of

the business in which plaintiff was interested. At a point about two miles west of the village of New Buffalo in Berrien county, defendant's tractor and trailer, 30 feet long, emerged from a parking place in front of a tavern. It was being driven at right angles into the four-lane highway, US-12. Plaintiff's driver estimated the speed of defendant's truck as between 5 and 10 miles per hour and thought it was going about 7 miles per hour. The truck was unlighted, contrary to 1 Comp. Laws 1929, § 4736 (Stat. Ann. § 9.1604), and consisted of a tractor and a trailer with an open body loaded with bags which did not loom up as would have been the case if it had been a large-bodied truck and trailer. The parking space in front of the tavern was dark. Plaintiff's truck was equipped with good brakes and headlights that illuminated the road two to four hundred feet ahead. The driver testified that he could stop within the assured clear distance ahead. A collision took place just after defendant's truck and trailer had fully entered the road. Plaintiff suffered severe injuries for which he brought suit.

The trial judge directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence in not having his car under control so as to be able to stop within the assured clear distance ahead. The case should have gone to the jury. There is a question whether plaintiff did not act as a prudent man under the circumstances when unexpectedly a long truck emerged from an open space, and whether he was guilty of contributory negligence.

The long beam of light from plaintiff's truck not only was a help to the driver but also was a warning to defendant's driver of the approach of plaintiff's vehicle. Looking at the testimony in the most favorable light to plaintiff, as we must on a directed

verdict, at the rate of 10 miles per hour, defendant's truck was moving 14.6 feet a second, while at a speed of 40 miles per hour, plaintiff's delivery truck was moving at the rate of 58.6 feet per second. According to plaintiff's testimony, at 40 miles per hour, he would travel 120 feet before he could bring his car to a stop. The figures set forth in the testimony indicate that the front part of defendant's equipment first came to the edge of the road when plaintiff's truck was 104 feet away from the line of the path that defendant's truck took in crossing. Had plaintiff noticed defendant's truck the very instant it came to the edge of the highway he would have been unable to stop his truck in time to avoid the collision. Thus we are not called upon to determine whether plaintiff was guilty of contributory negligence as a matter of law in failing to see defendant's truck during the fraction of a second it took to cross the first lane of the pavement. Since the negligence of plaintiff's driver would be imputed to plaintiff, we do not differentiate between them in our discussion.

This is not an intersection case where due regard must be given to the fact that on a dark night a car might be crossing an intersecting road. Superhighways, like those designated as "US" highways, are for the very purpose of enabling motorists to proceed at a rapid rate of speed. If we are to adopt the ruling contended for by defendant, which would require a person to travel at a low rate of speed to avoid colliding with an unlighted vehicle that suddenly and without warning might emerge from a driveway or from an open space in an outlying district, it would make rapid traveling impossible. The rule of not driving faster than one can stop within the assured clear distance ahead has been frequently applied to drivers at nighttime who collide with cars without lights that are parked or

are moving ahead of them in the same direction. Such, however, is not the case here. When a driver emerging from a driveway, parkway or from an open space in a country district does not light his truck, pays no attention to the lights of an oncoming vehicle, and without lights or warning on his tractor and trailer drives out into the highway and momentarily blocks it, and at a rate of speed so that the driver of the oncoming truck does not see him until too close to stop, there is no question but that defendant was negligent and it becomes a jury question whether the driver of plaintiff's truck acted prudently or whether he was guilty of contributory negligence. As stated in *Moore* v. *United States Truck Co.*, 260 Mich. 56:

"The duty of so driving as to have assurance of safety ahead is imposed by the law of the road and exacts no higher degree of care than that of the common dictates of prudence."

It is again stated in *Flynn* v. *Kramer*, 271 Mich. 500, 505:

"Was plaintiff guilty of contributory negligence? The general use of automobiles and the multitudinous situations which arise out of the daily operation of a tremendous number of cars on the streets and highways of the State, with their attending accidents, simple and serious, in the opinion of the writer, forces the conclusion that it is an impossibility to lay down precise rules by which we may measure all acts of contributory negligence. *Izzo* v. *Weiss*, 270 Mich. 372. Some cases must, of necessity, stand or fall on their own facts. What one does or fails to do as relates to the circumstances under which he acts is the test to be applied. *Brebner* v. *Sidney Hill Health System, Inc.*, 269 Mich. 541."

See, also, *Derby* v. *Culver*, 270 Mich. 197; *Booth* v. *City of Detroit*, 292 Mich. 102.

The present case presents a question of fact for the determination of the jury as to whether the driver of plaintiff's car exercised due care. It follows that the direction of a verdict by the trial judge is reversed, with costs to plaintiff, and the case is remanded for a new trial.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.