WINSLOW v. VETERANS OF FOREIGN WARS
NATIONAL HOME.

1. Automobiles—School Busses—Negligence—Evidence.
    Trial court's finding of fact that defendant school-bus driver
    was negligent is not disturbed under record clearly show-
    ing his negligence causing accident in which plaintiff's de-
    cedent, a motorist, was killed.

2. Same—Head-on Collision—Location on Highway—Evidence.
    Evidence presented a question of fact as to decedent motorist's
    location on highway at time of head-on collision and was
    sufficient to sustain trial court's finding he was on his proper
    side of the highway.

3. Same—Statutes—Speed—Moving or Stationary Objects.
    The statute requiring a person to drive a vehicle on a high-
    way at a careful and prudent speed but not greater than
    will permit him to bring it to a stop within the assured
    clear distance ahead is imposed upon all vehicle drivers
    and is invoked with equal force when a driver runs into
    an object that is moving or stationary, being overtaken
    or approaching toward him (CL 1948, § 256.305).

---

References for Points in Headnotes
[1, 2, 5, 6] 3 Am Jur, Appeal and Error, § 895 et seq.
[3–5] 5 Am Jur, Automobiles, §§ 259, 260.
[4, 5] 5 Am Jur, Automobiles, §§ 272, 423, 703, 725.
[4, 5] Duty of driver of automobile whose view is obscured by
    dust, smoke, or atmospheric conditions. 37 ALR 587; 73 ALR
    1020.
[4, 5] Contributory negligence as a defense to a cause of action
    based upon violation of statute. 171 ALR 894; 10 ALR2d 853.
[7, 8] 10 Am Jur, Charities, §§ 140–143, 153.
[7, 8] Liability of privately conducted charity for personal in-
    juries. 14 ALR 572; 23 ALR 923; 30 ALR 455; 33 ALR 1369;
    42 ALR 971; 62 ALR 724; 86 ALR 491; 109 ALR 1199.
[8] 5 Am Jur, Automobiles, §§ 373, 400.
[8] Statute making owner responsible for injury or damage by
    another operating automobile. 4 ALR 361; 61 ALR 866; 83
    ALR 878; 88 ALR 174; 112 ALR 416; 135 ALR 481.

4. SAME—CONTRIBUTORY NEGLIGENCE—FOG—SPEED—RIGHT SIDE OF HIGHWAY.

Plaintiff's decedent, a motorist, who drove through fog on his right side of the highway, not too fast under the circumstances and collided with defendants' bus, was not guilty of contributory negligence as a matter of law (CL 1948, § 256.305).

5. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Finding that plaintiff's decedent motorist was not guilty of contributory negligence under the circumstances *held*, not contrary to weight of evidence presented in nonjury trial, where it appears he was on his proper side of the road and not driving too fast under the circumstances (CL 1948, § 256.305).

6. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—EVIDENCE.

The Supreme Court does not reverse a finding of fact by the trial court in a nonjury case unless the evidence preponderates in the opposite direction.

7. CHARITIES—NEGLIGENCE—CONTRACTS.

A charitable corporation is liable to strangers for negligence of its agents in the absence of any contract relation with the injured person.

8. SAME—CORPORATIONS—AUTOMOBILES—TORTS.

Defendant corporation whose school bus was being driven by its servant with its knowledge and consent on the public highway was liable for the negligence of its driver under statute imposing liability upon owner of vehicle, notwithstanding the corporation was a charitable institution (CL 1948, § 256.29).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted June 13, 1950. (Docket No. 78, Calendar No. 44,819.) Decided September 12, 1950.

Case by Grace L. Winslow, administratrix of the estate of Gleeland H. Winslow, deceased, against Veterans of Foreign Wars National Home, a Michigan corporation, and another for damages suffered when he was killed in automobile accident. Judgment for plaintiff. Defendants appeal. Affirmed.

*Benjamin F. Watson (Frederick C. Newman, Jr., of counsel),* for plaintiff.

*Ballard, Jennings, Bishop & Ellsworth,* for defendants.

SHARPE, J. This is an appeal from a judgment for plaintiff in an action for damages resulting from a collision between a school bus and a car owned and operated by plaintiff's decedent who died as a result of the collision.

The collision occurred about 8 a.m., of February 12, 1948, on M-188, a State highway and at a point approximately 3½ miles south of Eaton Rapids. Highway M-188 is a north and south road with black-top surface of a width of 20 feet. The highway in the vicinity of the collision crosses a bridge or culvert. South of the bridge on the west side of the road there is a shoulder which gradually slopes to a gutter. The shoulder is of sufficient width to permit a car to be driven on it completely off the blacktop. On the morning in question there was some snow on the road. There was a heavy fog bank over the bridge which extended 50 feet south of the bridge.

On the morning in question Mark Dillingham, an employee of the Veterans of Foreign Wars National Home, drove a school bus from the home north toward Eaton Rapids. There were 72 children, a supervisor and the driver on the school bus. Upon entering highway M-188, the fog bank in the vicinity of the bridge was visible. The bus proceeded north at a speed of about 15 miles per hour until it came to 2 motor vehicles also proceeding in a northerly direction. One vehicle was towing the other. The bus driver accelerated his speed to 20 or 25 miles per hour in order to pass the 2 vehicles. At the point of passing, the bus was about 200 feet south of the bridge. Before the bus driver succeeded in return-

ing to the east side of the highway he saw a car coming from the north. The bus and the southbound car collided. Plaintiff's decedent, Gleeland H. Winslow, was driving the southbound car. He was killed as a result of injuries received in the collision. The vehicles came to rest with the rear end of plaintiff's car approximately in the center of the bridge which was 10 feet from north to south. The bus was headed north and the front of the bus and the car were interlocked. Decedent's car was 10 feet in length and the bus was about 33 feet long. The record also shows that 59 feet south of the front of the bus there was found scraps of metal from both the car and the bus.

Plaintiff, as administratrix of the estate of Gleeland H. Winslow, brought an action against the Veterans of Foreign Wars National Home and Mark Dillingham, the driver of the school bus. The case was tried without the aid of a jury.

At the close of plaintiff's proofs, defendants made a motion to dismiss the cause on the ground that plaintiff's decedent was guilty of contributory negligence in that his car was 2½ feet east of the center of the highway at the time of the collision. The motion was taken under advisement and, at the close of all proofs, the court entered a judgment in favor of plaintiff.

Defendants appeal and urge that the failure of plaintiff to show that her decedent was on his proper side of the highway precludes recovery; that it is negligence as a matter of law for an operator of a motor vehicle driving in a fog along a public highway at such a speed that it cannot be stopped within the distance that objects could be seen ahead of it.

The trial court found as a fact that plaintiff's decedent was on his proper side of the highway at the time of the collision. In an opinion the court stated:

"After considering all of the testimony relative to the place of the impact and the logical inferences to be drawn therefrom, and, after having seen and heard . the witnesses testify, I am of the opinion that the testimony preponderates to the effect that the decedent driver was driving on the west one-half of the blacktop when the collision occurred. But, let us assume that the decedent was driving somewhat over the centerline on the blacktop. In view of where the bus was at the time of the impact, it would have made no difference and such negligence would not have been a contributing factor to the accident."

As to the speed that decedent was driving, the court found as a fact:

"After considering the physical facts, it does not appear to me that the Chevrolet was being driven at a high rate of speed, rather it appears that it was not being driven too fast for the conditions then and there existing. Further, it appears to me under the circumstances here, that speed, even though excessive, on the part of the decedent driver would not be a contributing factor to the accident."

We are in accord with the finding of fact of the trial court that the negligence of defendants was clearly shown. The principal question for discussion in this case is the contributory negligence of plaintiff's decedent. We are of the opinion that the evidence presented a question of fact as to decedent's location on the highway at the time of the collision; and that there was sufficient evidence to support the trial court's finding that plaintiff's decedent was on his proper side of the highway.

We note that the trial court did not determine the rate of speed of plaintiff's decedent at the moment of the fatal collision, nor did he determine the exact point of the collision. There is competent evidence that the point of collision was 64 feet south of the south end of the bridge.

Section 256.305 of CL 1948 (Stat Ann § 9.1565), which was in effect at the date of this accident, provides in part:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The fixed, unchangeable and mandatory duty of this statute is imposed upon all drivers. The statute is invoked with equal force when a driver runs into an object whether it is moving or at rest and whether he is overtaking the object or the object is approaching toward him. See *Kemp* v. *Aldrich,* 286 Mich 591; *Odell* v. *Powers,* 284 Mich 201; *Ruth* v. *Vroom,* 245 Mich 88 (62 ALR 1528); *Thompson* v. *Southern Michigan Transportation Company,* 261 Mich 440; *Waterstradt* v. *Lanyon Dock Co.,* 304 Mich 437.

Plaintiff relies upon *Odell* v. *Powers, supra.* In that case plaintiff was driving his car north on the east side of highway M-78 and at the same time defendant Powers was driving a car in a southerly direction on the west side of the same highway. A snowplow was engaged in clearing the highway of snow. It was proceeding south working the west side of the highway. The action of the snowplow and a west wind caused a cloud of snow over the highway making visibility poor for a space of 18 to 20 feet opposite the snowplow. Plaintiff passed by the cloud of snow when he collided with the car driven by defendant Powers. Plaintiff was injured, but was able to testify at the trial of his case.

In affirming a judgment for plaintiff, we said:

"Plaintiff was not bound to anticipate that defendant would violate the law and operate his automobile on the wrong side of the road and under the view of this case which we entertain and have indicated, it was, therefore, a question for the jury as to whether plaintiff was guilty of any negligence under all the facts and circumstances.

"Assuming, however, that it was negligent for plaintiff to proceed when he observed the cloud of snow, the question still remained for the jury as to whether such negligence contributed to the accident. If plaintiff's version of the collision was correct, he was driving on his right side of the road and defendant on his left or wrong side. Under these facts, the jury might well have found that even had plaintiff brought his car to a complete stop upon entering the cloud of snow he would have been struck in any event by defendant who was driving on the wrong side of the highway. See *Leonard* v. *Bottomley,* 210 Wis 411 (245 NW 849)."

In the case at bar the trial court found that plaintiff's decedent was not driving his car too fast under the circumstances; and that he was on his own proper side of the highway. In awarding a judgment to plaintiff, the trial court also found that the action of decedent in driving through the fog was not a contributing factor to the accident. We are of the opinion that the facts in his case are controlled by the *Odell Case,* and, therefore, hold that decedent was not guilty of contributory negligence as a matter of law. Whether plaintiff's decedent was guilty of contributory negligence presented questions of fact upon which the trial court made a finding. We are unable to say that such findings were contrary to the weight of the evidence. We do not reverse unless the evidence preponderates in the opposite direction.

Defendants also urge that the Veterans of Foreign Wars National Home is immune from tort liability because of the negligent act of its servant. For the purpose of this decision we shall assume that the Veterans of Foreign Wars National Home is a charitable institution.

It is the rule in Michigan that a charitable corporation is liable to strangers for the negligence of its agents. In *Bruce* v. *Central Methodist Episcopal Church,* 147 Mich 230 (10 LRA NS 74, 11 Ann Cas 150), plaintiff, an employee of a contractor engaged in decorating the church building, sustained injuries by reason of the breaking of defective scaffolding furnished by agents of the church. We there said (p 255):

"I conclude from this reasoning that corporations administering a charitable trust, like all other corporations, are subject to the general laws of the land, and cannot, therefore, claim exemption from responsibility for the torts of their agents, unless that claim is based on a contract with the person injured by such a tort, and that *Downes* v. *Harper Hospital** and other similar cases are consistent with this rule."

See, also, *Gallon* v. *House of Good Shepherd,* 158 Mich 361 (24 LRA NS 286, 133 Am St Rep 387).

In the case at bar the bus was owned by defendant Veterans of Foreign Wars National Home and was being driven by one of its employees with its knowledge and consent. Such institution is responsible and must respond in damages by virtue of CL 1948, § 256.29 (Stat Ann § 9.1446), which provides in part:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the

---

* 101 Mich 555 (25 LRA 602, 45 Am St Rep 427).—Reporter.

State or in the failure to observe such ordinary care in such operation as the rules of the common law require."

The judgment is affirmed, with costs to plaintiff.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.