SCHOW v. PAUGH.

1. NEGLIGENCE—EMERGENCY.
    One who suddenly finds himself in a position of peril without time to consider the best means to avoid impending danger is not guilty of negligence if he fails to adopt what subsequently may appear to have been the better method, unless the emergency is brought about by his own negligence.

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence § 41.
[2] 3 Am Jur, Appeal and Error §§ 900, 901.
[3] 5A Am Jur, Automobiles and Highway Traffic § 231.

2. Appeal and Error—Questions of Fact—Nonjury Case—Preponderance of Evidence.

> The trial court's finding in a nonjury case on a question of fact as to whether or not defendant motorist, involved in a head-on collision where plaintiff was on the wrong side of a divided highway, was wearing glasses which he should not have been wearing while driving, is not disturbed, where the evidence does not clearly preponderate in the opposite direction.

3. Automobiles—Negligence—Head-On Collision—Wrong Side of Road.

> Defendant motorist's negligence was a question of fact for determination by the trial judge in nonjury case arising when northbound defendant, about to overtake and pass a truck at speed of 35–38 miles per hour in the easterly lanes of a divided highway in the morning of a dark and intermittently snowy day in the latter part of January, collided head-on with southbound unlighted car in which plaintiff was riding at speed of 35 miles per hour in wrong portion of highway, where defendant testified he was endeavoring to let truck pass on ahead so he could return in behind it rather than turn onto left shoulder where he felt sure a collision would occur.

Appeal from Muskegon; Carland (Michael), J., presiding. Submitted October 16, 1957. (Docket No. 63, Calendar No. 47,529.) Decided November 26, 1957.

Case by Alma Schow against William O. Paugh and West Michigan Steel Foundry Company, a Michigan corporation, for personal injuries sustained in head-on automobile collision. Judgment for defendants. Plaintiff appeals. Affirmed.

*Boeschenstein, Lidke & Sanford (John P. Boeschenstein,* of counsel), for plaintiff.

*Lou L. Landman* and *M. L. Bradbury, Jr.,* for defendants.

Kelly, J. Plaintiff seeks recovery for damages suffered as a result of a collision between a vehicle

in which she was a passenger and an automobile owned by defendant West Michigan Steel Foundry Company and operated by defendant Paugh. The lower court, sitting without a jury, returned a judgment of no cause of action in favor of defendants. Plaintiff appeals.

The collision occurred between 10 and 11 o'clock in the morning of January 21, 1955, on US–31 between Holland and Grand Haven, Michigan. Plaintiff was on her way to Chicago from Muskegon and was a passenger in a vehicle operated by Helen M. Richmond. Plaintiff, who was seated in the back seat of the car, testified that she was not observing the road and could not state how the accident occurred. The driver of the car and the other 3 passengers in the car with plaintiff did not testify. Plaintiff's right of action is based upon her theory that even though the car in which she was riding was on the wrong side of the road, defendant was guilty of negligence in not leaving the highway and swerving off onto the left shoulder in order to avoid the collision.

It was a dark, overcast day, and snow was falling intermittently. Plaintiff's vehicle was headed in a southerly direction on US–31. For about 11 miles between Grand Haven and Holland, US–31 is divided for north and south traffic by a space of about 100 feet. Approaching from the north signs are displayed with the words "One Way" with an arrow indicating that southbound traffic should take the right or west lane, and on the left or east lane is a sign with the words "Do Not Enter." It is conceded that the driver of the vehicle in which plaintiff was a passenger improperly entered the left or east lane and proceeded south. The lights of her vehicle were not on.

Defendant Paugh was driving north on US–31 and had been following a vehicle hauling oil or petroleum

products of some sort. This vehicle was traveling at 25 to 30 miles per hour and defendant swerved out to pass it, at a speed of 35 to 38 miles per hour. As he pulled alongside he saw plaintiff's car 500 to 600 feet away, coming from the opposite direction, traveling at about 35 miles per hour. He testified:

"*Q*. If it had lights on it, would you have been able to see it earlier?

"*A*. Yes, much earlier.

"As I recall, I looked to the right to see if there was any place to go, but I was alongside this truck and I thought the best thing to do was slow down and go behind him because there was no place else to go. I did not apply my brakes because I felt that it might put me in an uncontrolled skid as the highway was slippery.

"The oncoming car continued to come on in the same direction; as near as I could tell, it didn't turn or make any change in direction at all up to the point of collision. There was on the left hand side (west) a shoulder which the oncoming car could have gone on. The shoulder was probably 10 or 15 feet wide, and level. There was no reason to prevent the oncoming automobile from turning to the right on to that shoulder. I did not notice the automobile deviate in any manner to the right and it did not slow down.

"*Q*. You stated, I believe, you went as far to the right as you could?

"*A*. I moved to the right and kept hoping the truck would get by me so that I could get into the right-hand lane.

"I didn't turn to the left onto the shoulder because I felt sure there would be a collision as I would have turned directly into the path of the oncoming car."

The lower court, in holding there was no negligence on the part of defendant, stated:

"How can it be said that defendants were negligent? Defendant, Paugh, was driving on his own

side of the divided highway where he had a right to be and at a lawful and proper rate of speed. He had a right to pass the truck in front of him and had no reason to anticipate that plaintiff's driver would disobey the law and proceed on the wrong side of the highway. Although the roadway was straight and level, there is no showing that Paugh could or should have seen plaintiff's vehicle approaching prior to the time that he did. With their combined speed, the 2 cars were approaching each other at about 70 miles per hour or something over 100 feet per second. In the space of between 5 and 6 seconds the defendant is asked to extricate the plaintiff from a position of peril in which the negligence of her own driver had placed her. One who drives upon the wrong side of the highway has the burden of excusing such conduct. Nothing in the record indicates any negligence on the part of defendant Paugh. The sole proximate cause of the accident and of plaintiff's injuries was the negligence of plaintiff's driver.

"For the reason that plaintiff has failed to prove any negligence on the part of defendants, it is unnecessary to decide the other points raised by defendants, namely, the contributory negligence of plaintiff and whether or not she was engaged in a joint venture with the driver."

As to plaintiff's contention that defendant Paugh should have turned to the left, defendant's explanation for his failure to do so is entirely plausible. We have stated that one who suddenly finds himself in peril without time to consider the best means to avoid impending danger is not guilty of negligence if he fails to adopt what subsequently may appear to have been the better method, unless the emergency is brought about by his own negligence. See *Paton* v. *Stealy,* 272 Mich 57, 62.

With regard to the testimony of plaintiff's witness, William F. Winstrom, a special deputy sheriff of Ottawa county and a distributor for major appli-

ances in western Michigan, that when he arrived at the scene of the accident defendant Paugh admitted he was wearing glasses he should not have been wearing for driving purposes, suffice to say defendant denied making any such statement to Winstrom. The court who heard the testimony and observed the witnesses evidently agreed with defendant. The Supreme Court does not substitute its judgment on questions of fact in a nonjury case unless the evidence clearly preponderates in the opposite direction. *Leonard* v. *Hey,* 269 Mich 491 (37 NCCA 111).

Defendant's negligence was a question of fact and the findings of the lower court are not clearly against the preponderance of the evidence. In view of this, we need not go into the question of plaintiff's contributory negligence, raised by defendants.

Judgment affirmed. Costs to appellee.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.