COLE v. BARBER.

1. AUTOMOBILES—ASSURED CLEAR DISTANCE AHEAD—QUESTION FOR
JURY—EVIDENCE.
    Whether or not defendant, operating a combination of tractor,
    oil trailer and four-wheeler tanker and entering 3-lane highway
    from east side at 3 a.m. from a dark parking area so as to
    proceed in a southerly direction, entered lane of travel of
    plaintiff trucker, operating a similar combination, southbound
    in center lane at speed of 40 miles an hour while overtaking
    and passing a loaded freight van in the west lane thereby
    entered plaintiff's lane of travel in advance of or within his
    assured clear distance ahead so as to make plaintiff guilty of
    contributory negligence, was a question for the jury under
    conflicting evidence presented as to precisely where the accident
    happened, where the debris from the accident was located,
    whether or not defendant had lights on his truck and the
    position of his rig on the highway (PA 1949, No 300, § 627).

2. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVI-
DENCE.
    The evidence must be taken in the light most favorable to the
    plaintiff on his appeal from a judgment for defendant *non
    obstante veredicto*.

3. TRIAL—MOTION FOR JUDGMENT NON OBSTANTE VEREDICTO—EVI-
DENCE.
    It lies without the province of a trial judge to grant a motion
    for judgment *non obstante veredicto* as long as there is com-
    petent evidence on which the jury's verdict may rest.

4. AUTOMOBILES—ASSURED CLEAR DISTANCE AHEAD—INSTRUCTIONS.
    Charge to jury with respect to a motorist's assured clear dis-
    tance ahead rule, when taken in its entirety, *held*, neither mis-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4–7] 5A Am Jur, Automobiles and Highway Traffic §§ 290, 291.
[2] 3 Am Jur, Appeal and Error § 886.
[3] 30A Am Jur, Judgments § 300.

leading nor erroneous, hence, motion for new trial in event judgment *non obstante veredicto* were vacated is denied (PA 1949, No 300, § 627).

5. SAME—ASSURED CLEAR DISTANCE AHEAD.

The assured clear distance ahead rule requires that a motorist shall not operate his vehicle so fast that he cannot bring it to a complete stop within that distance ahead of him in which he can clearly perceive any object that might appear in his path (PA 1949, No 300, § 627).

6. SAME—SPEED—PERCEPTION—BRAKES.

A motorist who drives faster than his perception and braking ability safely permit him to do is negligent as a matter of law if an accident results because of driving at such speed (PA 1949, No 300, § 627).

7. SAME—ASSURED CLEAR DISTANCE AHEAD—INTERMEDIATE MOVING OBJECT—NEGLIGENCE—QUESTION FOR JURY.

Whether or not a motorist is negligent is a question of fact for a jury to determine, where another vehicle or other moving object suddenly intersects his lane of travel or line of vision at some intermediate point within his assured clear distance ahead (PA 1949, No 300, § 627).

Appeal from Wayne; Fitzgerald (Neal E.), J. Submitted April 18, 1958. (Docket No. 13, Calendar No. 47,546.) Decided September 9, 1958.

Case by Billie Cole against Lorenzo Barber and G. L. Allen Company, a Michigan corporation, for personal injuries sustained in collision of motor vehicles. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

*Ward, Plunkett & Cooney* (*W. P. Cooney,* of counsel), for plaintiff.

*George H. Gotshall* (*John R. Secrest,* of counsel), for defendants.

VOELKER, J. On August 24, 1953, at about 3 a. m., the plaintiff, Billie Cole, was operating a tractor, a flat-bed trailer and a four-wheeler (pup) at a speed of approximately 40 miles an hour south on US–24, approaching the city limits of Monroe. This is a 3-lane paved highway. The night was clear but dark and there were no highway or city lights. The highway was straight, and there was no approaching traffic. Plaintiff's truck was lighted and in good working order. Plaintiff was in the center lane, passing a loaded freight van that was traveling in the same direction at a lesser speed in the west lane. When plaintiff had completed or had almost completed the pass he saw a large black unlighted object moving across the highway in front of him, whereupon he pulled the steering wheel hard to the right and dove to the floor to save his life.

Defendant Lorenzo Barber, on the business of G. L. Allen Company, was driving a tractor, oil trailer and a four-wheeler (pup), both tankers loaded with reclaimed oil. Defendant was in the process of pulling his rig across the highway from a dark parking area on the east side of the highway to the western lane so that he might likewise proceed in a southerly direction. Plaintiff's rig collided with defendant's at some point near the center of the highway, as a result of which plaintiff suffered multiple permanent injuries.

At this point the facts become less clear. The evidence is in dispute as to precisely where the accident happened, where the debris from the accident was located, whether defendant had lights on his truck or not, and the position of defendant's rig on the highway at the time of the accident. There were no other eyewitnesses.

The jury returned a verdict of $17,500 and, on motion for judgment *non obstante veredicto,* the jury

verdict was set aside and a judgment of no cause for action was entered by the trial judge.

The question before this Court is: was the plaintiff guilty of negligence as a matter of law, so as to give the trial judge the right to enter the judgment *non obstante veredicto?* Put another way the question narrows down to this: did the defendant enter plaintiff's lane of travel in advance of the plaintiff's "assured clear distance ahead"* or did he enter that lane of travel at some intermediate point within such assured clear distance ahead?

In the light of the extreme conflict in the evidence presented and the total absence of disinterested eyewitnesses, and taking the evidence in the light most favorable to the plaintiff, as we must, we question whether the learned trial judge could be so certain that this was not a case of one vehicle intersecting another vehicle's assured clear distance ahead so as to invoke the rule that plaintiff was negligent as a matter of law. From the evidence presented it seems that the minds of reasonable men might have differed on this issue. (*Detroit & M. R. Co.* v. *Van Steinburg,* 17 Mich 99 at 123.) Such being the case we must conclude that the learned trial judge was in error in taking the verdict from the jury. As long as there is competent evidence on which the jury may reasonably hang its verdict, it lies without the province of the trial judge to grant a motion for a judgment *non obstante veredicto.* (*Gapske* v. *Hatch,* 347 Mich 648.) On favorable view we think there was such competent evidence in this case.

In regard to defendants' request for a new trial, in the event that the judgment *non obstante veredicto* should be vacated, based upon a claimed erroneous and misleading charge concerning the assured clear distance ahead rule, it is our opinion, after

_____

* See PA 1949, No 300, § 627 (CLS 1956, § 257.627 [Stat Ann 1952 Rev § 9.2327]).

reviewing the charge to the jury in its entirety, that although it may not be phrased exactly as we might have phrased it, it is neither misleading nor erroneous.

The assured clear distance ahead rule says, in essence, that a driver shall not operate his vehicle so fast that he cannot bring it to a complete stop within that distance ahead of him in which he can clearly perceive any object that might appear in his path. If a motorist drives faster than his perception and braking ability safely permit him to do, and an accident results because of it, he is negligent as a matter of law. Conversely, a motorist is not necessarily negligent as a matter of law if another vehicle or other moving object suddenly intersects his lane of travel or line of vision at some intermediate point within his assured clear distance ahead. In such a case his negligence or lack of it are properly questions of fact for the jury to determine. (*Meehl* v. *Barr Transfer Co.*, 296 Mich 697; *Barner* v. *Kish*, 341 Mich 501.)

Accepting this as an accurate statement of the rule, the charge of the court below, when considered in its entirety, cannot reasonably be interpreted as erroneous or misleading. The judgment *non obstante veredicto* is accordingly reversed, the request for a new trial denied, and the case is remanded to the trial court for entry of judgment on the verdict of the jury. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.