HOAG v. FENTON.

1. Appeal and Error—Directed Verdict—Evidence.

   The Supreme Court must accept the view of the testimony most favorable to plaintiff in review of a directed verdict against him.

2. Automobiles—Through Highway—Intersection—Contributory Negligence.

   The question of contributory negligence was for jury, where plaintiff, fourth in line of eastbound cars on 2-lane, through highway near intersection, who sought to pass at speed of 27 miles an hour in north lane as first of the cars indicated intention to turn right and others slowed down to 10 to 15 miles an hour, when confronted with defendant's southbound car from intersecting road which plaintiff had observed for some 400 feet to the west approaching at 5 miles an hour but failed to stop

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.
[3, 4] 7, 8 Am Jur 2d, Automobiles and Highway Traffic §§ 188, 720, 721.
   Driving automobile at speed which prevents stopping within range of vision or negligence.   97 ALR 546.
[5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 359, 360.

as required, turned right some 70 feet from plaintiff and struck plaintiff's car after latter had accelerated to 32 miles an hour in an effort to avoid collision by veering slightly to the right as permitted by other eastbound cars after plaintiff had determined there was less likelihood of collision by so doing than in remaining in northbound lane and stopping within what had been his previously assured clear distance ahead, but where now a head-on collision was imminent (CLS 1956, § 257.627, as amended by PA 1959, No 76).

3. SAME—SPEED—ASSURED CLEAR DISTANCE AHEAD—UNEXPECTED INVASION OF SAFETY DISTANCE.

A motorist who has been driving so as to be able to stop within what had been his assured clear distance ahead is not in violation of such rule where such clear distance is suddenly and unexpectedly invaded by another vehicle coming from the side at a time and place such that the first driver cannot avoid a collision with it (CLS 1956, § 257.627, as amended by PA 1959, No 76).

4. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT—SPEED—ASSURED CLEAR DISTANCE—INTERFERENCE.

The matter of the negligence of a motorist, who is driving at a speed such that he is able to stop within the assured clear distance ahead but for intersection of his lane of travel or line of vision at some intermediate point by another vehicle or other moving object, is a question for the trier of the facts (CLS 1956, § 257.627, as amended by PA 1959, No 76).

5. NEGLIGENCE—EMERGENCY.

One who suddenly finds himself in peril without time to consider the best means to avoid impending danger is not guilty of negligence if he fails to adopt what subsequently may appear to have been the better method, unless the emergency is brought about by his own negligence.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted April 2, 1963. (Calendar No. 14, Docket No. 49,714.) Decided June 3, 1963.

Case by Ralph W. Hoag against Herman H. Fenton for personal injuries sustained in automobile collision September 24, 1960. Directed verdict and.

judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Albert Lopatin* (*Norman L. Zemke,* of counsel), for plaintiff.

*Feikens, Dice, Sweeney & Sullivan* (*John Feikens,* of counsel), for defendant.

DETHMERS, J. Plaintiff appeals from directed verdict of no cause for action in his suit for damages resulting from the collision between automobiles owned and operated by him and by defendant, respectively. We think judgment below for defendant should be reversed and new trial granted.

Plaintiff was traveling east on a paved, 2-lane, through highway, approaching its intersection with a north and south gravel road. Defendant was traveling south on the gravel road, approaching the intersection from the north. He was required, as indicated by stop sign, to stop before entering upon the paved highway. There is testimony that he made such stop and also that he did not. He undertook to make a right turn toward the west, from which plaintiff was coming. While defendant was in the process of making that turn the collision occurred.

Plaintiff's further version of the facts, based on the view of the testimony most favorable to him, which we must accept in review of the directed verdict against him, follows: He was going about 20 to 25 miles per hour, following 3 other automobiles; the first of the 3 gave a signal for a right turn, and the 3 slowed down to 10 to 15 miles per hour; when plaintiff was about 200 feet west of the intersection, the first of the 3 cars ahead of him started to turn right, south, onto the intersecting gravel road; plaintiff, while still 400 feet west of the intersection, had already observed defendant's automobile at a point

50 to 100 feet north of the intersection, traveling south at about 5 miles per hour, and he continued to keep an eye on it as well as on the 3 cars ahead of him; when the first car ahead started to turn right, or south, plaintiff drove left, onto the north half of the pavement, intending to pass the cars ahead of him, defendant's car then being from 30 to 50 feet north of the intersection; plaintiff continued to observe it as it approached the intersection. Plaintiff testified that as defendant's car got to the intersection it paused but did not make a complete stop; then it started to come around the corner toward plaintiff; plaintiff's car was then alongside the second of the 3 cars which had been ahead of him and he was about 70 feet west of defendant's car; plaintiff then was traveling at about 27 miles per hour; he thought of putting on his brakes and started to do so, but testified that he was too close and afraid that defendant would pick up speed coming around the corner and they would hit head on; the car to his right pulled over onto the south shoulder and plaintiff drove over near that car and decided to accelerate and try to clear defendant's car before it would come out onto the paved highway all the way; he did accelerate to about 32 miles per hour; as plaintiff reached the intersection defendant's left front wheel had come to a point about 8 feet out on the pavement in the intersection and its right front wheel was just coming onto the pavement; the left front fender of defendant's turning car struck the left side of plaintiff's car at about its front door.

Defendant emphasizes testimony, not the most favorable to plaintiff, elicited from him on cross-examination, that when he first saw defendant starting to come around the corner plaintiff was still 70 feet west therefrom, going at 27 miles per hour, and that, at that time, he became "suspicious" that an accident might happen, that at 27 miles per hour

a car could be stopped in 40 feet after brake applica-
tion, and that he could have stopped within the 70
feet before reaching the intersection. Defendant
also introduced into evidence a secretary of State's
manual stating that an automobile traveling at 25
miles per hour can be stopped in 67 feet, consisting
of 39 feet braking distance and a reaction distance
of 28 feet. On this basis defendant says that, for
failure to stop within that distance, plaintiff was
guilty of contributory negligence as a matter of law.
It is to be noted, however, in viewing the testimony
in the light most favorable to plaintiff, that he did
not continue to adhere to his testimony, into which
he had been artfully lead on cross-examination, that
he could have stopped in such distance but, instead,
he later expressed doubt about it and testified, fur-
ther, that, in taking into account the advancing of
defendant's car toward plaintiff, he feared that
even such stopping by him might not prevent an
accident which he thought, on the spur of the mo-
ment, would happen if he did not accelerate and try
to squeeze past defendant's car while it was still
in the process of turning into the intersection.
Whatever, under the view most favorable to plain-
tiff, his own admissions on the witness stand in this
connection may lack as support for defendant's
theory in this connection, the latter apparently be-
lieves is supplied by the language from the manual.

Defendant stresses plaintiff's alleged violation of
what defendant terms the assured-clear-distance-
ahead rule, provided by statute (CLS 1956, § 257.627,
as amended by PA 1959, No 76 [Stat Ann 1960 Rev
§ 9.2327]), rendering plaintiff, so defendant says,
guilty of contributory negligence as a matter of law.
Cited by defendant in this connection are *Cole* v.
*Barber,* 353 Mich 427, and *Winslow* v. *Veterans of
Foreign Wars National Home,* 328 Mich 488. Even
though defendant professes to find comfort in some

of the language of the opinions in the cited cases, the decisions therein are of no assistance to him. They do not hold that which defendant must establish in order to prevail on this appeal, namely, that the question of the contributory negligence of one situated as plaintiff was in the instant case, is one of law and not of fact. In *Cole* this Court held it error for the court below to have held plaintiff guilty of contributory negligence as a matter of law in striking defendant's truck which suddenly came from one side and drove in front of plaintiff. Discussing the matter of whether plaintiff drove at a speed such as to be able to stop within the assured clear distance ahead, this Court held that a question of fact had been presented. This was partly because of uncertainty as to whether defendant's crossing occurred beyond or within plaintiff's so-called assured clear distance ahead. In the case at bar, either such question of fact also exists, under the view of the evidence most favorable to plaintiff, and the directed verdict was improper, or, if not, then plaintiff was able so to stop within the 70 feet and noncompliance with the so-called assured clear distance ahead rule is not involved here, as we shall later discuss. In *Winslow,* also presenting an assured clear distance ahead problem, this Court held plaintiff's alleged contributory negligence in that connection presented a question of fact, not law.

In the instant case, when defendant started to enter the through highway 70 feet distant from plaintiff, either plaintiff was not able to stop within that distance or he was. If not, the situation was one governed by such cases as *Cole* v. *Barber, supra,* and *Barner* v. *Kish,* 341 Mich 501, holding that a driver is not in violation of the assured-clear-distance-ahead rule nor guilty of negligence as a matter of law, if he has been driving so as to be able to stop within the assured clear distance ahead but that

assured clear distance ahead is suddenly and un-expectedly invaded by another vehicle coming from one side at a time and place such that the first driver cannot avoid a collision with it. As said in *Cole* (p 431):

"The assured-clear-distance-ahead rule says, in essence, that a driver shall not operate his vehicle so fast that he cannot bring it to a complete stop within that distance ahead of him in which he can clearly perceive any object that might appear in his path. If a motorist drives faster than his per-ception and braking ability safely permit him to do, and an accident results because of it, he is negligent as a matter of law. *Conversely, a motorist is not necessarily negligent as a matter of law if another vehicle or other moving object suddenly intersects his lane of travel or line of vision at some inter-mediate point within his assured clear distance ahead. In such a case his negligence or lack of it are properly questions of fact for the jury to deter-mine.* (*Meehl* v. *Barr Transfer Co.,* 296 Mich 697; *Barner* v. *Kish,* 341 Mich 501.)" (Italics supplied.)

So even if plaintiff, after defendant turned, had not been able to stop in the 70-foot distance before reach-ing the intersection, the directed verdict here would be in error. On the other hand, if plaintiff was able to stop within those 70 feet when defendant started entering the intersection, as defendant seems to con-tend here, then the matter of plaintiff's claimed vio-lation of the statute requiring him to drive at a speed not greater than would permit him to stop within the assured clear distance ahead would not be involved in this case because he would have been driving, as the statute required, at a speed such that he could have stopped within the assured clear dis-tance ahead. That assured clear distance ahead, from naught appearing in the record to the contrary, apparently had extended well beyond the intersec-

tion. Even defendant does not say that as plaintiff proceeded at 27 miles per hour on the left side of the pavement in an effort to pass the 3 cars traveling at from 10 to 15 miles per hour ahead of him and as he saw defendant approach the corner at 5 miles per hour and anticipated, as he had a right to expect, that defendant would stop at the stop sign, that plaintiff then had been driving at a speed greater than would permit him to stop within that assured clear distance ahead in violation of the statute. Did defendant's sudden, unlawful entering of the intersection ahead of plaintiff change that? Not at all insofar as plaintiff's driving up to that instant is concerned. Accordingly, defendant's citation of *Graham* v. *United Trucking Service, Inc.,* 327 Mich 694, holding one operating a vehicle in violation of a statute to be guilty of negligence as a matter of law, is inapt here. Plaintiff had not violated the statute as a matter of law up to that time.

What about plaintiff's conduct from that point on, after defendant unlawfully entered the intersection? The question is whether plaintiff was guilty of contributory negligence as a matter of law in deciding and acting in accord with that decision, made 70 feet from the intersection, that a collision would more likely be avoided by accelerating and attempting to squeeze by defendant's car before it got all the way into the intersection than by attempting to stop in front of defendant's oncoming car. We think that the question of plaintiff's contributory negligence in making such decision and acting on it was one of fact for the jury, not to be determined by the judge as a matter of law. Here plaintiff was traveling at a permissible rate of speed, he was undertaking to pass 3 cars ahead of him as he had a right to do, he had been watching defendant's car approaching for some distance, at a rate of about 5 miles per hour, and while plaintiff was on the left, or north,

half of the pavement, in the act of passing, he saw defendant either stop or pause and then suddenly turn into the intersection just 70 feet ahead of him. The situation then confronting plaintiff was not of his own making or the result of wrongdoing or negligence on his part. He quickly formed a judgment and acted on it. The statute above discussed does not require stopping within the assured clear distance ahead but, rather, driving at a speed not greater than will permit the driver to do so. According to defendant's own theory, with that statutory requirement plaintiff was complying. Though able to stop, he decided it was better not to do so. In point, from *Schow* v. *Paugh,* 350 Mich 304, 308, is the following:

"We have stated that one who suddenly finds himself in peril without time to consider the best means to avoid impending danger is not guilty of negligence if he fails to adopt what subsequently may appear to have been the better method, unless the emergency is brought about by his own negligence."

Reversed and remanded for new trial. Costs to plaintiff.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.