# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF AVA CAMERON TAYLOR, by
AMY TAYLOR, Personal Representative,

Plaintiff-Appellant,

v

DARIN LEE COOLE and AMY COOLE,

Defendants-Appellees.

UNPUBLISHED
April 13, 2017

No. 331198
Genesee Circuit Court
LC No. 14-104044-NI

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Estate of Ava Cameron Taylor by her personal representative, Amy Taylor (Taylor), appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) on the basis that there was no genuine issue of material fact regarding whether Taylor was more than 50% at fault for a fatal car/pedestrian accident with defendant Darin Lee Coole (Coole). We affirm.

## I. FACTUAL BACKGROUND

Taylor was killed after she was struck by Coole's car at about 7:08 a.m. on October 2, 2012. At the time of the accident, Coole worked from 10:45 p.m. to 6:45 a.m. and his route home from work included driving on Lapeer Road "when the kids were out, but before the busses came." Coole's usual precautions were to drive the speed limit, pay attention to the road, know where the kids were at and what they were doing, and be observant. About 99% of the time, there was only one boy at the Kelly Lake entrance bus stop. He had seen another child there only once or twice before.

Coole saw that the boy was sitting at the Kelly Lake bus stop. After he passed the intersection, "faster than you can blink the accident occurred." He was looking forward and the first time he saw Taylor was when she hit the hood of his car. She was wearing dark clothing and crossing the road in a darkened area. From the way her feet were pointing, Coole had the impression that she had been running. He did not brake or swerve because by the time he saw her, "[t]here was no action to take." Coole immediately stopped, told the boy to find Taylor's parents, and called 911. Taylor ultimately died from her injuries.

-1-

Taylor sued Coole for wrongful death. After discovery, Coole moved for summary disposition in part on the basis that Taylor had not exercised reasonable care for her safety and was more than 50% at fault for the accident. The trial court agreed and granted summary disposition under MCR 2.116(C)(10). Taylor now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116. "[D]isputed fact, or the lack of it, must be established by admissible evidence." *Marlo Beauty Supply, Inc v Farmers Ins Group of Companies*, 227 Mich App 309, 321; 575 NW2d 324 (1998), modified on other grounds by *Harts v Farmers Ins Exchange*, 461 Mich 1; 597 NW2d 47 (1999).

## III. ANALYSIS

To prove negligence, a plaintiff must show that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff was injured, and (4) the defendant's breach caused the plaintiff's injury. *Henry v Dow Chemical Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005). Typically, whether a driver was negligent is a question of fact for the jury. *Cole v Barber*, 353 Mich 427, 431; 91 NW2d 848 (1958). However, MCL 500.3135(2)(b) provides that "damages shall not be assessed in favor of a party who is more than 50% at fault." If no reasonable juror could find that the defendant was more at fault for an accident than the decedent, summary disposition is appropriate. *Huggins v Scripter*, 469 Mich 898, 898-899; 669 NW2d 813 (2003).

Taylor argues that the trial court improperly granted summary disposition because whether decedent was more than 50% at fault for the accident was a question of fact. First, Taylor argues that there was a question of fact regarding whether Coole's speed was excessive under the circumstances. We disagree because the trial court recognized that there was a question of fact regarding whether Coole's speed was excessive under the circumstances when it declined to grant summary disposition on this ground.

A person has a statutory duty to operate a vehicle "at a careful and prudent speed not greater than nor less than is reasonable and proper," and "shall not operate a vehicle upon a highway at a speed greater than that which will permit a stop within the assured, clear distance ahead." MCL 257.627(1). In other words "a driver shall not operate his vehicle so fast that he cannot bring it to a complete stop within that distance ahead of him in which he can clearly perceive any object that might appear in his path." *Cole*, 353 Mich at 431. Simply traveling within the speed limit does not mean that the driver was traveling at a speed to stop within the assured clear distance. See *Vander Laan v Miedma*, 385 Mich 226, 229-230, 233; 188 NW2d 564, 566 (1971) (holding that a defendant traveling at 25 miles an hour in a zone with a speed

limit of 35 miles an hour did not establish that he was traveling at a speed that rendered him able to stop within the assured clear distance).

Coole testified that he was traveling at 45 miles an hour. Traffic reconstructionist James Campbell estimated Coole's speed at 41 to 53 miles an hour. Campbell's estimate did not contradict Coole's assertion that he was traveling the speed limit. Regardless, Coole's exact speed was not outcome determinative because the trial court recognized that whether Coole traveled at the speed limit did not automatically render his speed reasonable. Contrary to Taylor's assertion, the trial court found specifically that "[t]here is a possibility that Coole could have acted differently." In other words, the trial court did not ignore that there was a question of fact regarding whether Coole's speed was excessive under the circumstances.

Second, Taylor argues that the trial court improperly determined that Coole did not have time to stop. Taylor asserts that Kilburn's testimony provided evidence that Coole tried to, but could not, stop. We disagree.

A driver is not negligent "if another vehicle or other moving object suddenly intersects his lane of travel or line of vision at some intermediate point within his assured clear distance ahead." *Cole*, 353 Mich at 431. Taylor relies on Kilburn's statement in Burton Police Officer Mark Mahoon's police report that Kilburn "heard the car braking hard and heard a 'pop' sound," arguing that this means that there is evidence that Coole did in fact see Taylor and braked but was traveling too fast to stop. A party must establish the existence of a factual dispute with admissible evidence. *Marlo Beauty Supply*, 227 Mich App at 321. Statements in a police report must be plausibly admissible for a trial court to consider them during summary disposition. *Maiden v Rozwood*, 461 Mich 109, 124; 597 NW2d 817 (1999). The trial court properly declined to consider this hearsay statement when determining whether to grant summary disposition. Even presuming that the order in which the statements are recited is the same as the order in which Kilburn heard the sounds, this statement is in a police report, and Taylor has not established that this proposed evidence fits under any hearsay exception.

In contrast, Coole testified that he did not have time to brake, swerve, or take any evasive action because the first time he saw Taylor, she was on the hood of his car. Police investigators found no deceleration or scuff marks on the road related to the accident, and the airbag sensors of Coole's car registered a speed change of less than 1 mile an hour at the time of the impact. Accordingly, there was no genuine issue of material fact regarding whether Coole saw Taylor in time to take evasive action, and the trial court properly determined that there was no question of fact regarding whether Coole was traveling faster than he could stop within the assured clear distance because a driver is not negligent if a moving person suddenly intersects his or her lane of travel.

Third, Taylor argues that the trial court erred by finding that the decedent did not exercise reasonable care for her own safety. We again disagree.

"In the absence of evidence to the contrary, a pedestrian killed while walking on a public highway is presumed to have exercised at all times the requisite degree and amount of care for his own safety and preservation." *People v Campbell*, 237 Mich 424, 442; 212 NW 97, 104 (1927). However, a pedestrian who knows that a vehicle is oncoming has a duty to watch the

vehicle's progress to avoid being hit. *Heger v Meissner*, 340 Mich 586, 589; 66 NW2d 220 (1954). Courts may consider whether a pedestrian was crossing outside a crosswalk when considering whether the pedestrian was comparatively negligent. *Mason v Wayne Co Bd of Comm'rs*, 447 Mich 130, 136 n 5; 523 NW2d 791 (1994) ("Pedestrians crossing outside of crosswalks face the additional hurdle of comparative negligence.")

In this case, both Coole's testimony and Campbell's report established that there was no street light or ambient light at the area that Taylor crossed the road. Coole had his headlights on as he was traveling. Taylor was wearing a dark sweatshirt, dark pants, and black boots. Taylor was running and did not cross within a crosswalk. Given these facts, the trial court did not err by determining that Taylor did not exercise reasonable care for her own safety.

Comparing Coole's negligence with Taylor's, we agree with the trial court's conclusion that there was no genuine issue of material fact regarding whether Taylor was more than 50% at fault for the accident. In this case, Coole was potentially driving too fast for the conditions. However, Coole testified that he took precautions while driving near the bus stops on his way home from work. Specifically, he traveled the speed limit, knew which children were at which stops, and watched out for them. Immediately before the accident, Coole ascertained that the child who was usually at the Kelly Lake bus stop was sitting at that bus stop. Coole did not have reason to anticipate that another child would be in the road because the child at the Kelly Lake bus stop was alone most of the time.[1]

In contrast, Taylor would have known that there was an oncoming car because it was dark and Coole was driving with his lights on, but she chose to cross the road anyway in a dark area and while wearing dark clothing. She was running and did not cross at a crosswalk. We conclude that the trial court did not err by granting summary disposition on the basis that that Taylor was more than 50% at fault for the accident because reasonable minds could not differ on the issue.

We affirm.

/s/ Peter D. O'Connell
/s/ Mark T. Boonstra

---

[1] Taylor argues that Coole should have been traveling more slowly because he knew that one girl in dark clothing walked in the road. However, Coole's testimony established that this girl was at a different bus stop, not the Kelly Lake bus stop.