SILKWORTH v. FITZGERALD.

1. APPEAL AND ERROR—INSTRUCTIONS—CURING ERROR.

Lengthy charge in intersectional collision case, resulting from plaintiff's claims that defendant was guilty of common-law negligence and 10 violations of statutes and ordinances and in which various errors were cured by statements in other portions, *held*, to require reversal where confusing and, upon reading of charge as a whole, it is found some serious errors were not cured.

2. AUTOMOBILES — INTERSECTIONS — TRUNKLINE   HIGHWAYS — STOP STREETS—RIGHT OF WAY.

In action arising out of collision at intersection of **trunkline highway** and city stop street, instruction to jury which permitted it to find that if plaintiff was exceeding speed limit, as fixed by ordinance, while traveling on through trunkline highway, she would forfeit right of way to defendant who claimed to have entered intersection from stop street first, although he failed to stop *held*, reversible error since rule of forfeiture does not apply to such intersections which have been properly designated and marked on the stop streets (1 Comp. Laws 1929, §§ 4712, 4713, subd. [c], 4715).

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 15, 1937. (Docket No. 3, Calendar No. 39,147.)   Decided April 16, 1937.

Case by Lillie Silkworth and General Exchange Insurance Company, assignee of Lillie Silkworth, against Gerald J. Fitzgerald for personal injuries and property damaged in a collision at an intersection. Verdict and judgment for defendant. Plaintiff Silkworth appeals. Reversed with new trial.

*Maxwell B. Allen* and *Ronald M. Ryan,* for plaintiff.

*George A. Winkler (Kelley, Sessions, Warner &
Eger,* of counsel), for defendant.

BUTZEL, J.   Plaintiff claims that on August 7, 1934,
at about 1:30 a. m., she was traveling east on Cliff
street, designated by the city of Battle Creek as a
through street and part of US–12, a main trunkline
highway; that defendant was coming down Caine
street, a stop street with "stop" signs erected at the
entrance to Cliff street about 24 feet from the curb
line of the intersection; that plaintiff was about 50
feet west of the west curb of Caine street when she
noticed the lights of defendant's automobile ap-
proaching from the north on Caine street about 100
to 125 feet north of the north curb of Cliff street;
that when plaintiff was about even with the west curb
of Caine street at the intersection, defendant's car
on Caine street was about 50 feet from the north
curb of the intersection and when plaintiff's car en-
tered the intersection, the defendant's car was ap-
proximately 45 feet from the center of the intersec-
tion; that defendant did not stop, but drove into the
intersection; that a collision occurred, and plaintiff
suffered severe injuries.

Defendant, however, claimed that his car was
about three feet from the intersection when plain-
tiff's car was 150 to 200 feet away; that he drove on
about 8 or 10 feet and was near the middle of the in-
tersection when the cars collided; that he slowed
down until he passed the "stop" sign, but accel-
erated his speed to 10 miles an hour between the
"stop" sign and Cliff street; that plaintiff did not
observe the law herself in that she was proceeding
at a speed of over 20 miles an hour, that being the
speed limit in the residential section of Battle Creek.
The jury awarded a verdict in favor of defendant.

Plaintiff claims error because of the charge of the trial judge. While the charge was a lengthy one, it was largely brought about by plaintiff's charging defendant with common-law negligence in three different respects and also with violating 10 different provisions of statutes or ordinances. The trial judge endeavored to cover the various points raised, but the charge, because of its length, became confusing and resulted in error. While it is true that some of the claimed errors were cured by statements in other portions of the charge and that we must read the charge as a whole, we find that some serious errors were not cured. The issues of fact were simplified by the testimony, as there was no proof whatsoever as to many of the charges in the declaration.

Section 20 of the motor vehicle law (1 Comp. Laws 1929, § 4712), provides as follows:

"When two vehicles enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right *except as otherwise provided in section 21.* The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

It will be noted that the words we have italicized make section 20 wholly inapplicable to a situation arising under section 21 (1 Comp. Laws 1929, § 4713). Section 21, subd. (c), which also refers to section 23 of the motor vehicle law (1 Comp. Laws 1929, § 4715), makes due provision in the case of intersections where there is a stop street, the situation in the present case. Section 21, subd. (c), of the motor vehicle law provides:

"The State highway commissioner and local authorities are authorized to designate through traffic highways and streets in accordance with section 23 of this act. The driver of a vehicle entering such

highways and streets shall yield the right of way to all vehicles approaching on such highways and streets.''

Section 23 provides that vehicles must stop at certain through highways.

The judge in his charge stated that section 21 ''does not concern this case,'' when under the facts in the present case, section 21 is applicable and section 20 is not. It would tend to make the jury believe that if plaintiff had driven her car at any rate of speed in excess of that permitted by the ordinance, she would forfeit the right of way. The rule of forfeiture is inapplicable in the instant case. This erroneous charge would tend to mislead the jury. Plaintiff claims that other portions of the charge are erroneous and also caused confusion. Any such alleged errors are not apt to arise on a new trial.

The judgment is reversed, with costs to plaintiff, and the case remanded for a new trial.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.