PARK *v.* GAUDIO.

CRITTENDEN *v.* EASTERN MICHIGAN TRUCKING CO.

1. AUTOMOBILES—PARKING—LIGHTS—SPEED—ASSURED CLEAR DIST-
   ANCE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

   In actions against truck and trailer owners for injuries sustained
   when car in which plaintiffs were riding collided at 2:30 a. m.
   on April 1st with rear of trailer which had been parked on
   pavement without lights, questions as to whether or not
   defendants were negligent in so parking the trailer, notwith-
   standing their claim driver stopped to give aid to persons in-
   jured in another accident, and whether or not plaintiff driver
   was guilty of contributory negligence in so driving his car as
   to be unable to stop within the assured clear distance ahead in
   view of unexpected presence of mud on the pavement *held*,
   questions of fact for jury (1 Comp. Laws 1929, § 4697, as
   amended by Act No. 119, Pub. Acts 1933, § 4740).

2. SAME—ASSURED CLEAR DISTANCE AHEAD—MUD ON PAVEMENT—
   PLEADING—EVIDENCE—SURPRISE.

   In actions for injuries sustained when plaintiffs' car collided
   with rear end of defendants' unlighted truck and trailer at
   2:30 a. m. on April 1st in righthand lane of three-lane high-
   way as car from opposite direction came down center lane and
   was met at point of collision, admission of plaintiffs' testi-
   mony as to presence of mud on pavement, elsewhere dry, just
   before reaching trailer, tracked onto pavement by cars
   from nearby muddy parking areas, *held,* not prejudicial er-
   ror on issue of plaintiffs' contributory negligence raised by
   defendants' answers alleging plaintiff driver was not driving
   at such a speed as to be able to stop car within the assured
   clear distance ahead where defendants, although objecting be-
   cause plaintiffs' pleading did not allege mud was on pave-
   ment, made no claim of surprise or unpreparedness to meet the
   issue, nor request for an adjournment, nor showing as to abil-
   ity to produce further material testimony on the matter in

event new trial was granted and defendants had witnesses who testified on the subject (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1931; Court Rule No. 24 [1933]).

3. Evidence—Speed—Hearing.

In actions wherein contributory negligence of plaintiffs' driver because of excessive speed was in issue, exclusion of testimony of defendants' truck driver as to speed of plaintiffs' car, approaching at 2:30 a. m. on April 1st, based solely on his having heard the hum or roar of the motor *held*, proper.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 14, 1938. (Docket Nos. 74, 75, Calendar Nos. 40,129, 40,130.) Decided October 5, 1938.

Separate actions of case by Forest Park and Marian Crittenden against LaVerne Gaudio, Eastern Michigan Trucking Company, Federal Transit Company and others for personal injuries sustained when automobile in which plaintiffs were riding collided with defendants' truck. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendants appeal. Affirmed.

*Nelson, Dick & Bertrand,* for plaintiff Park.

*James R. Breakey, Jr. (Ronald R. Weaver,* of counsel), for plaintiff Crittenden.

*Kerr, Lacey & Scroggie,* for defendants.

North, J. The plaintiff in each of these consolidated cases recovered a judgment in the trial court for injuries suffered as a result of an automobile accident which happened on April 1, 1934, at about 2:30 in the morning. Defendants have appealed. Plaintiff Forest Park was driving a Ford V-8 and the plaintiff Marian Crittenden was among those

riding with Park. The group had been in Lansing to bowl in a tournament and were driving back to Detroit when they ran into the rear end of defendants' trailer truck which was parked on the highway (plaintiffs claim without lights) eight or nine miles east of Lansing and directly across from a place called Paradise Inn.

Park testified that he was traveling on a three-lane highway at a speed between 45 and 50 miles an hour, and when 500 or 600 feet west of Paradise Inn, he observed two headlights in the center lane coming toward him, that he then pulled over to the south lane, dimmed his lights, touched the brake and slowed down to 35 or 40 miles per hour. With dim lights, the driver could see about 75 feet ahead. He testified that when he first saw the truck with which he collided he was traveling between 30 and 35 miles an hour and was about 70 feet from it, that he applied his brakes when about 60 feet from the trailer but the tires on his car would not hold and it started to slide in some mud which was on the pavement. He further testified that it had not rained during the evening nor could the mud on the pavement be seen as he approached the parked trailer truck; and further that the motor vehicle coming toward him had bright lights which impaired his vision, that as he neared defendants' truck he attempted to squeeze between it and the motor vehicle coming from the east, and just at the time of the collision that this vehicle in the center lane passed plaintiffs' car. This witness also testified that there were no highway lights in the vicinity, but he did see lights in front of Paradise Inn.

Further, one of plaintiffs' witnesses testified that very shortly before the accident in suit he approached defendants' parked truck from the west

and he was close to it before he saw it, as there were no lights on the trailer truck. He further testified there was mud on the pavement in front of Paradise Inn. The explanation of the presence of mud on the pavement at the point of accident is that cars parking on either side of the highway and in muddy areas tracked mud onto the pavement when they resumed travel.

In substance plaintiffs claim that defendants' truck was illegally parked on the highway without lights and for that reason defendants were negligent. Further plaintiffs claim that the unexpected muddy condition of the pavement prevented plaintiffs' car from being stopped in time to avoid the impact, and except for such undiscovered muddy condition the car could have been stopped in time to have avoided the collision. The defendants contend that it was not a violation of law to park their truck on the highway because the driver stopped to aid others who had become involved in another accident, hence an emergency; and further that the proximate cause of the accident was the failure of the driver of plaintiffs' car to operate his car safely and at such a rate of speed that he could stop within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565).

There was substantial testimony that the rear lights of the truck were lit, but clearly the testimony on this was in conflict. Also there was testimony in support of defendants' claim that there was no mud on the pavement which could have caused a slipping of plaintiffs' car, but here again there is a decided conflict in the testimony. The conflicting character of the testimony on this phase of the case is somewhat disclosed by the following question and an-

swers which appear in the testimony of Donald Cobb, a State trooper, produced as a witness by defendants:

"*Q.* State whether or not as you drove up to the scene of the accident, there was any mud on the pavement within 100 feet to the rear of defendants' truck?

"*A.* I wouldn't judge distance, but there wasn't any mud."

But in explaining testimony which this witness had previously given at an inquest incident to this accident, he testified:

"I would say at this time that there were cars coming out on each side of the road in the vicinity of the accident. It was muddy at the time on the pavement at the scene of the accident."

Under this record, notwithstanding defendants' explanation of the circumstances under which their truck was stopped on the pavement (that defendants' driver might give aid to persons injured in another accident), it must be held that an issue of fact was presented as to whether they were guilty of negligence which was a proximate cause of the accident, and also that there was an issue of fact as to whether the driver of plaintiffs' car was guilty of contributory negligence. 1 Comp. Laws 1929, § 4740 (Stat. Ann. § 9.1608).

Appellants objected to testimony given by plaintiff driver as to the pavement being muddy immediately to the rear of defendants' trailer involved in the collision. This objection was based upon the following state of the pleadings. In defendants' answer in each of these cases it was affirmatively charged that the proximate cause of this accident was the negligence of the plaintiff driver in that he

was driving the Ford in which plaintiffs were riding at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead, contrary to 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933. Plaintiffs made reply to the above and other affirmative matters in defendants' answers; and in such replies denied the affirmative allegations of the answers specifically noted above. At the trial, for the obvious purpose of relieving plaintiff driver of the alleged contributory negligence in driving at such a rate of speed that he could not stop within the assured clear distance ahead, plaintiffs offered the testimony referred to in the objection now under consideration, that the surface of the pavement immediately to the west of the point of the accident was muddy. As hereinbefore noted, obviously it was the theory that this mud in front of Paradise Inn got upon the pavement by cars going upon it from the adjacent muddy parking area. Surely good pleading on the part of the plaintiffs required them to state specifically this affirmative claim that the pavement was muddy. There was no hint in plaintiffs' pleadings that a muddy condition of the pavement had anything to do with this accident.

"If the plaintiff desires to meet any defense set up in an action at law by confessing and avoiding the same, the facts constituting such confession and avoidance shall be specifically pleaded in the reply." Court Rule No. 24 (1933).

The question for decision is whether the court's ruling in admitting the testimony of Forest Park as to the muddy condition of the pavement, without the same having been specifically pleaded, constituted reversible error. The objection of defendants' counsel to this testimony was based solely upon the

ground that there was no allegation in plaintiff's declaration of an unusual condition of the pavement. No claim of surprise or unpreparedness to meet the issue was made in the circuit court by defendants' counsel, nor was there any request for an adjournment. It is fair to assume that the trial judge in overruling the objection did not feel that a surprise or undue disadvantage resulted to defendants. In this connection it may be noted that defendants caused the deposition of a witness to be taken in California more than two months before the trial occurred, and in this deposition on direct examination that witness was asked and testified: "The pavement was dry." Moreover, defendant had at least one other witness, Donald Cobb, who testified on this very subject, as hereinbefore noted. Further, in their motions for new trials defendants made no showing that they would be able to produce further material testimony on this question in event new trials were granted. Under all the circumstances of this record we are of the opinion that the trial judge did not commit prejudicial error in permitting Forest Park to testify as to the condition of that portion of the pavement over which his car passed immediately preceding the point of accident.

Defendants attempted to get before the jury their driver's testimony as to his opinion of the rate of speed at which plaintiffs' car approached the point of collision. The accident happened in the darkness of nighttime, and it was not claimed that this witness observed plaintiffs' car as it approached or that he based his opinion of speed on such an observation. Instead his impression of speed was based solely on his having heard the "hum or roar" of the Ford motor as plaintiffs' car approached. Defendants' claim that the trial judge erred in excluding

testimony of this witness as to speed cannot be sustained. At the time of making his ruling, the trial judge said:

"I believe that the ability of the witness to form the judgment * * * is not sufficiently shown to make that judgment of any probative value. * * * And I think * * * where there is substantial doubt as to its being of value as proof, that the court ought to adhere to the rule of the greater certainty."

Touching the admissibility and competency of like testimony, the supreme court of Minnesota has said:

"We do not know of any way by which one may determine the speed of a car by the noise." *Campbell* v. *Sargent,* 186 Minn. 293, 299 (243 N. W. 142).

We have made the following pertinent observation:

"It is a well-known fact that the speed of the motor has no relation to the speed of the car if the clutch is out." *Harnau* v. *Haight,* 189 Mich. 600, 608 (13 N. C. C. A. 566).

Other questions raised by appellants have been carefully considered, but we find nothing which would justify reversal on this appeal. The judgments entered in the circuit court are affirmed, with costs to appellees.

Wiest, C. J., and Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.