### SABO *v* BEATTY

1. AUTOMOBILES—TRAFFIC SIGNS—RED FLASHERS.
   A red flasher is treated the same as a stop sign in determining right-of-way.

2. AUTOMOBILES—RIGHT-OF-WAY—TRUNKLINE HIGHWAYS—SPEEDING.
   A vehicle traveling on a trunkline highway at an unlawful speed does not forfeit any right-of-way which it might otherwise have had, even though the vehicle collides with another vehicle after the second vehicle has entered the intersection after stopping at a red flasher.

3. AUTOMOBILES—RIGHT-OF-WAY—TRUNKLINE HIGHWAY.
   A vehicle which enters a trunkline highway after stopping at a red flashing signal and collides with a vehicle traveling on the highway at an unlawful speed has violated its duty to yield to oncoming traffic.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 February 9, 1972, at Detroit. (Docket No. 10887.) Decided March 28, 1972.

Complaint by Barbara A. Sabo against John P. Beatty for negligent operation of an automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*Ripple & Chambers, P. C.* (by *Donnelly W. Hadden*), for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *Donald J. Morbach*), for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 210.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 202.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Plaintiff was injured on January 30, 1967, when the car she was driving east along Emmons Street in Lincoln Park, Michigan, collided with defendant's vehicle at the intersection of Emmons and Fort Street. Fort Street is a trunk line highway. There is a flashing red signal light guarding the northbound lane of Fort Street at Emmons Street. Defendant's vehicle was traveling north on said highway at about 60 miles per hour at the time of the collision; the posted speed limit on the highway at that intersection was 35 miles per hour. A jury in Wayne County Circuit Court returned a judgment of no cause of action in favor of the defendant. Plaintiff appeals of right.

Plaintiff contends that the trial court erred in failing to instruct the jury as to subsection (e) of § 649 of the motor vehicle code, MCLA 257.649(e); MSA 9.2349(e). The trial judge instructed instead on subsection (f) of that statute and ruled that subsection (e) does not apply to subsection (f). In pertinent part, the statute reads:

"Sec. 649.     *     *     *

"(e) The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder.

"(f) Except when directed to proceed by a police officer, the driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection, or if there is no crosswalk shall stop at a clearly marked stop line, or if none, then at the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. *After having stopped, the driver shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver would be moving across or within the intersection.*" (Emphasis added.)

Under MCLA 257.614.1; MSA 9.2314.1, red flashers are the same as stop signs. After stopping at either, a driver may proceed subject to the rules applicable after making a stop at a stop sign. These rules are found in MCLA 257.649; MSA 9.2349; MCLA 257.649; MSA 9.2349, as amended by 1966 PA 237, did not go into effect until March 10, 1967. As this accident occurred on January 30, 1967, the statute, as amended in 1966, is not applicable. *Rice v Ruddiman,* 10 Mich 125 (1862). Before the 1966 amendment the statute read:

"Sec. 649. (a) When 2 vehicles enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right except as otherwise provided in section 651: Provided, however, where signs bearing the message 'yield right-of-way' are erected upon the approach to an intersection, a driver approaching such sign shall slow to a reasonable speed for existing conditions of traffic and visibility, yielding the right-of-way to all traffic on the intersecting street which is so close as to constitute an immediate hazard. The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder.

"(b) The driver of a vehicle in obedience to a stop sign shall come to a full stop before entering or crossing the intersection being controlled by the stop sign and shall proceed with caution after yielding

right-of-way to all vehicles on the intersecting street or highway which have entered the intersection or are so close as to constitute an immediate hazard."

MCLA 257.651; MSA 9.2351, as amended by 1959 PA 151, § 651, provides in relevant part:

"Sec. 651. Except as otherwise provided in this section, all vehicles approaching the intersection of a state trunk line highway shall come to a full stop before entering or crossing such highway and shall proceed with caution after yielding right-of-way to all vehicles on the intersecting highway which have entered the intersection or are so close as to constitute an immediate hazard."

The Supreme Court, in *Silkworth* v *Fitzgerald,* 279 Mich 349 (1937), interpreted substantially the same provisions of 1929 CL 4712 to mean that the forfeiture provision of subsection (a) above did not apply where a vehicle traveling on a trunk line highway at an unlawful speed collides with a vehicle entering an intersection after stopping at a red flashing signal. That is the situation in this case. MCLA 257.649(b); MSA 9.2349(b) prior to the 1966 amendment was essentially a re-enactment of 1929 CL 4712, and *Silkworth* was the applicable law at the time of this accident. The trial judge's instruction was proper.

Affirmed.