GREEN v RICHARDSON

1. TRIAL—STANDARD JURY INSTRUCTIONS—AMENDED INSTRUCTIONS—
   COURT RULES.

   A trial court is required to use standard jury instructions when
   they are applicable, accurate and requested by a party to a
   lawsuit; however, a party cannot invoke this rule where the
   party has not strictly requested a standard jury instruction, but
   has instead requested an amended version of a standard jury
   instruction (GCR 1963, 516.6[2]).

2. AUTOMOBILES—INTERSECTIONS—YIELDING RIGHT OF WAY—"T" IN-
   TERSECTIONS—STATUTES.

   A driver proceeding straight ahead on a country road intersected
   at right angles by another road ending in the intersection,
   neither way being otherwise legally favored over the other, is
   not required to yield first passage to the vehicle on the right; a
   statute which states that when two vehicles enter an intersec-
   tion from different highways at approximately the same time,
   the driver on the left must yield the right of way to the vehicle
   on the right does not apply to right-angled country roads
   forming a "T" (MCLA 257.649[b]; MSA 9.2349[b]).

3. AUTOMOBILES—TRIAL—UNDISPUTED FACTS—INSTRUCTIONS TO JURY
   —RULE OF LAW—"T" INTERSECTIONS—CASE PRECEDENT.

   A dispute as to whether an intersection of a certain undisputed
   character is a "T" intersection, within the meaning established
   by case precedent, is properly a matter of law and a trial judge
   was correct to determine it; where the facts are unquestioned

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 576–599.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 202, 203.
   8 Am Jur 2d, Automobiles and Highway Traffic § 736.
[3, 4] 8 Am Jur 2d, Automobiles and Highway Traffic § 735.
[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 188.
   8 Am Jur 2d, Automobiles and Highway Traffic §§ 720, 721.
[6] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 327, 328.
   8 Am Jur 2d, Automobiles and Highway Traffic §§ 984–986, 990,
   992.
[7] 29 Am Jur 2d, Evidence § 61.

from which a rule of law is to be deduced, the judge must make the ruling and not leave it to the jury.

4. Automobiles—Instructions to Jury—Forfeiture of Right of Way—Unlawful Rate of Speed—Case Precedent—Statutes.

A defendant's request for an instruction on a plaintiff driver's forfeiture of the right of way by traveling at an unlawful rate of speed which was based on a statute referring to forfeiture of any right of way which a driver might otherwise have under that statute was properly refused by the trial court where the plaintiff's right of way was not established by that statute and case precedent limited the applicability of the forfeiture provision to the express terms of the statute (MCLA 257.649[e]; MSA 9.2349[e]).

5. Automobiles—Assured Clear Distance—Statutes.

The statutory rule on assured clear distance is inapplicable where an object suddenly intersects the assured clear distance of a motorist (MCLA 257.627[a]; MSA 9.2327[a]).

6. Automobiles—Evidence—Opinions—Speed of Vehicle—Sounds.

An opinion of the speed of a vehicle based on sound alone is properly excluded from evidence.

7. Appeal and Error—Evidence—Exclusions—Offer of Proof—Court Rules.

Trial counsel must make an adequate offer of proof with regard to excluded testimony in order for an appellate court to determine whether the exclusion of testimony, if error, requires reversal (GCR 1963, 529.1, 604).

Appeal from Isabella, Donald E. Holbrook, Jr., J. Submitted April 12, 1976, at Lansing. (Docket No. 22632.) Decided May 27, 1976. Leave to appeal denied, 397 Mich —.

Complaint by Michael H. Green against Robert Richardson, Jr., and Mount Pleasant Public Schools for personal injuries arising from a collision between plaintiff's automobile and a school bus driven by defendant Richardson for defendant school system. Judgment for plaintiff. Defendants appeal. Affirmed.

*Fortino, Plaxton & Moskal,* for plaintiff.

*Dilley, Dewey & Waddell* (by *Newton Dilley* and *Jonathan S. Damon),* for defendants.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and BEASLEY, JJ.

M. F. CAVANAGH, J. This personal injury action arose out of a collision between an automobile driven by plaintiff and a school bus owned by defendant Mount Pleasant Public Schools and driven by defendant Richardson. The jury returned a $300,000 verdict for plaintiff and judgment was entered in that amount against both defendants. From the denial of their motion for judgment n.o.v. or for a new trial, defendants appeal of right.

The accident occurred at about 8:30 a.m. at the intersection of Deerfield and Summerton Roads in rural Isabella County. The school bus was proceeding west on Deerfield. Plaintiff was proceeding north on Summerton. There was no traffic sign on Summerton at the intersection with Deerfield or on Deerfield east of Summerton. The view across the southeast quadrant of the intersection for approximately a half mile on either road was unobstructed except for a small barn 300 feet south of the intersection on Summerton. The south edge of Deerfield east of Summerton is on a line with the north edge of Deerfield west of Summerton.

The two vehicles collided in the intersection. Plaintiff testified that he was unable to remember anything that happened. Two of the students on the bus, both 12 years old at the time of the accident, testified that they saw the car approach the intersection at a faster rate of speed than the bus. One estimated the speed of the bus at 40–45 mph and that of the car at 5–10 mph faster.

Defendant Richardson testified that he approached the intersection at 35 mph and slowed to 25–30 mph as he entered the intersection; that he looked both ways for traffic, but saw no approaching vehicles; and that just as the bus entered the intersection, he first saw the car two or three car lengths away. Another of the students on the bus, 16 years old at the time of the accident, testified that she observed the car approaching the intersection and estimated its speed at 70 mph, accelerating to 80 mph prior to impact. Other facts appear in the discussion of the six issues raised on appeal.

I.

Defendants requested an instruction that followed SJI 1.01(6) verbatim except for the word "corporation", which was omitted from defendants' requested instruction. The trial court did not give the requested instruction; the trial court did instruct the jury that sympathy or prejudice must not influence its decision, that its duty was to decide the case with impartiality and that each party was entitled to the same fair and unprejudiced treatment.

A trial court is required to use standard jury instructions when they are applicable, accurate and requested by a party. GCR 1963, 516.6(2); *Javis v Ypsilanti Board of Education,* 393 Mich 689; 227 NW2d 543 (1975), *Bolser v Davis,* 62 Mich App 731; 233 NW2d 845 (1975). Defendant argues that the trial court failed to give a requested standard jury instruction, *viz.* SJI 1.01(6). However, what defendants requested was an amended version of SJI 1.01(6), with the word "corporation" omitted. Defendant would predicate reversal on the "strict rule" of *Javis.* But they cannot invoke

the strict rule where they have not strictly requested the standard jury instruction but instead their own amended version. Furthermore, the instant trial took place in 1974, prior to *Javis.* There is no indication in *Javis* that its policy decision in favor of a strict approach is to be applied retroactively. We have reviewed the trial court's instruction here and find it accurate and fair.

## II.

One of the major issues at trial was who had the right of way at the intersection. Defendants relied upon MCLA 257.649(b); MSA 9.2349(b), since defendant Richardson was the driver on the right. The right of way accorded by statute to the driver who approaches from the right, however, does not apply to right-angled country intersections forming a "T". *Diamond v Holstein,* 373 Mich 74; 127 NW2d 896 (1964). A driver proceeding straight ahead on a country road intersected at right angles by another road ending in the intersection, neither way being otherwise legally favored over the other, is not required to yield first passage to the vehicle on the right. *Diamond v Holstein, supra.*

"The rights and duties of both drivers in such instance are not to be measured in the same way as if they were due to enter a typical right-angled intersection of highways where both ways continue through and beyond the intersection." 373 Mich at 80.

Plaintiff relied upon *Diamond v Holstein, supra,* and argued that the intersection was such a "T" intersection.

In their motion for a directed verdict at the close of plaintiff's case, defendants argued that the

court should decide the matter as a question of law. The court concluded as a matter of law that the intersection was a "T" intersection, that *Diamond v Holstein* applied to this case, and that the statutory right of way did not apply. On appeal defendants argue that the trial court erred in deciding the matter as a question of law and in concluding that the intersection was a "T" intersection rather than an open intersection.

The trial judge properly determined the question as a matter of law. There was no dispute as to the dimensions, layout, design or physical character of the intersection. The south boundary of the traveled portion of Deerfield east of Summerton is in line with the north boundary of the traveled portion of Deerfield west of Summerton. Counsel stipulated so; testimony, photographs, and a scale drawing evidence the fact. The dispute was whether an intersection of that undisputed character was a "T" intersection within the meaning of *Diamond v Holstein.* That issue is properly a matter of law and the trial judge was correct to determine it. Where the facts are unquestioned from which a rule of law is to be deduced, the judge must make the ruling and not leave it to the jury. *Holbert v Staniak,* 359 Mich 283; 102 NW2d 186 (1960); also, *Bensinger v Happyland Shows, Inc,* 44 Mich App 696; 205 NW2d 919 (1973).

The intersection is a "T" intersection rather than an open intersection. The trial court properly so concluded. Although, unlike the road in *Diamond,* Deerfield does not completely end at Summerton, nevertheless a vehicle proceeding west on Deerfield would be required to make two turns, to the left and then to the right, in order to cross Summerton and remain in the proper lane at all times. Were a vehicle proceeding west on Deer-

field, whether in the left or in the right and proper lane, to continue straight, it would be confronted at Summerton with a dead end intersection of a "T" type.

### III.

On the basis of MCLA 257.649(e); MSA 9.2349(e), defendants requested an instruction on forfeiture of the right of way by traveling at an unlawful rate of speed. The trial court ruled that the forfeiture statute was inapplicable since the statute referred to any right of way which a driver might otherwise have "hereunder", and the plaintiff's right of way was not provided by that statute. The trial court was correct. Cases considering the forfeiture provision have refused to extend its application beyond the express terms of the statute. *Silkworth v Fitzgerald,* 279 Mich 349; 272 NW 702 (1937), *Sabo v Beatty,* 39 Mich App 560; 197 NW2d 871 (1972).

### IV.

Defendants also requested an instruction on the assured, clear distance rule, contained in MCLA 257.627(a); MSA 9.2327(a). The trial court did not instruct on that portion of the statute, however, ruling that the evidence did not warrant the application of the rule. The court was correct. The statutory rule is inapplicable where an object suddenly intersects the assured clear distance of the motorist. *Cole v Barber,* 353 Mich 427; 91 NW2d 848 (1958), *Barner v Kish,* 341 Mich 501; 67 NW2d 693 (1954), *Meehl v Barr Transfer Co,* 296 Mich 697; 296 NW 844 (1941). See also, *Hoag v Fenton,* 370 Mich 320; 121 NW2d 858 (1963). The language in *Cole* about negligence and questions of fact for

the jury, where a driver's assured clear distance is interrupted, refers to the application of ordinary principles of negligence, not to the application of the assured, clear distance rule.

## V.

Defendants sought to introduce evidence as to the speed of plaintiff's vehicle by the testimony of a witness who lived near the intersection. On separate record the witness estimated plaintiff's speed at 70 mph. The testimony was excluded because it was based on the sound of the car's engine and the sound of the tires on the gravel road. An opinion of the speed of a vehicle based on sound alone is properly excluded. *Park v Gaudio,* 286 Mich 133; 281 NW 565 (1938). In *Kuhnee v Miller,* 37 Mich App 649; 195 NW2d 299 (1972), and *Hicks v Bacon,* 26 Mich App 487; 182 NW2d 620 (1970), the witnesses in fact saw the vehicles of whose speed they gave estimates. Decisions from other jurisdictions regarding the admissibility of opinion evidence of speed based on auditory perception alone and given in relative terms such as "fast" or "slow" are divided. See Annot, 33 ALR3d 1405 (1970). In the few cases in which specific speed estimates based on sound alone have been allowed, the witnesses had special experience and qualifications. See, *e.g., Pierson v Frederickson,* 102 NJ Super 156; 245 A2d 524 (1968), *Kuhn v Stephenson,* 87 Ind App 157; 161 NE 384 (1928).

## VI.

Defendants sought to introduce the testimony of an expert witness, an accident reconstruction expert, as to plaintiff's speed immediately prior to

the accident. The testimony was excluded. On separate record defense counsel failed to ask the witness his estimate of plaintiff's speed. In order for an appellate court to determine whether the exclusion of testimony, if error, requires reversal, trial counsel must make an adequate offer of proof with regard to the excluded testimony. GCR 1963, 529.1, 604. *Illenden v Illenden,* 46 Mich App 710; 208 NW2d 565 (1973). In the absence of such an offer of proof, it is impossible to determine whether the admission of such testimony might have resulted in a different finding by the trier of fact.

Affirmed. Costs to appellee.