## HOLLOWAY v CRONK

1. Trial—Directed Verdict—Evidence—Reasonable Men Test.

A directed verdict is proper only where a trial court can say after viewing all of the evidence in the light most favorable to the party against whom the verdict is sought that all reasonable men would agree that the moving party should prevail.

2. Automobiles—Negligence—Statutes—Speeding—Right of Way.

The statutory provision which mandates that a speeding vehicle forfeits its right of way applies to all right-of-way provisions to which the vehicle might be otherwise entitled under that statute (MCLA 257.649; MSA 9.2349).

3. Negligence—Presumption of Care—Traumatic Amnesia—Evidence—Judicial Discretion.

It was within a trial court's discretion to deny a defendant's request for a jury instruction on the presumption of ordinary care which arises when a party is found to have suffered traumatic amnesia caused by the incident which gave rise to the action where there was ample evidence of negligence presented at the trial to rebut the presumption.

4. Automobiles—Speeding—Negligence—Evidence—Gross Negligence—Inferences.

Evidence of excessive speed alone may be sufficient to support an inference that a driver who caused injury to another had a willful and wanton state of mind; a driver is guilty of gross negligence where he has (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) the ability to avoid harm to the other by ordinary care and diligence in the use of the means at hand, and (3) omits to use such care and diligence to avert the threatened

References for Points in Headnotes

[1] 75 Am Jur 2d, Trial § 491.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 199.
[3] 75 Am Jur 2d, Trial §§ 617, 618.
[4] 7 Am Jur 2d, Automobiles and Highway Traffic § 281.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1013.

danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to the other.

5. NEGLIGENCE—GROSS NEGLIGENCE—QUESTIONS OF FACT—MATTERS OF LAW.

An issue of willful and wanton misconduct by a party to an action is a question of fact to be resolved by the trier of fact, where the issue has been genuinely raised by the facts; only where the evidence unquestionably shows the existence or absence of willful and wanton misconduct may a trial judge rule on the issue as a matter of law.

Appeal from Wayne, Benjamin D. Burdick, J. Submitted May 12, 1977, at Detroit. (Docket No. 28885.) Decided July 7, 1977. Leave to appeal applied for.

Complaint by Wade Holloway against Burton L. Cronk seeking damages for injuries sustained in an automobile collision. Judgment for plaintiff. Defendant appeals. Affirmed.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.* (by *David K. Barnes*), for plaintiff.

*Selb, Dickinson, Pike, Mourad & Brandt* (by *David R. Tuffley*), for defendant.

Before: BASHARA, P. J., and QUINN and BEASLEY, JJ.

BASHARA, J. The defendant appeals a Wayne County jury verdict in favor of plaintiff for defendant's negligence in an intersectional automobile accident. It is contended by defendant that the trial judge erred in his instructions to the jury and in denying defendant's motion for directed verdict.

Plaintiff stated that he approached Outer Drive Boulevard from a subordinate street, stopping at the initial point of the intersection in compliance with the stop sign. Observing no oncoming traffic, he entered the median of the boulevard and came

to a stop to look for oncoming traffic before execut-
ing a left turn. Plaintiff's witness, Mrs. Treas, the
driver of an approaching automobile, testified that
when she observed plaintiff's car it was moving
slowly into the intersection.

Plaintiff alleged that he observed only Mrs.
Treas' automobile approaching at approximately
the speed limit and at a distance that would
permit his safe entrance into the intersection.
However, upon entering the intersection plaintiff's
car was struck in the side by defendant, fatally
injuring plaintiff's passenger and seriously injur-
ing plaintiff. Mrs. Treas testified that defendant's
car was traveling at a high rate of speed, ap-
proaching 60 miles per hour and accelerating,
whereas the posted speed limit is 35 miles per
hour. She further indicated that the speed of
defendant's auto so frightened her that she pulled
over to the right side of the road to allow him to
pass.

At the conclusion of plaintiff's case-in-chief the
defendant's motion for directed verdict was denied.
At the close of proofs the trial judge instructed the
jury on the issue of defendant's willful and wanton
misconduct pursuant to Standard Jury Instruction
14.02.[1] Defendant requested, pursuant to his testi-
mony of traumatic amnesia caused by the acci-
dent, that the jury be instructed on a presumption

---

[1] The text of that instruction is:

"Plaintiff charges the defendant with willful and wanton miscon-
duct.

"The term 'willful and wanton misconduct' means more than the
failure to use ordinary care. It means conduct which shows * * * (a
reckless disregard for the safety of others in the face of circumstances
involving a high degree of danger).

"Even if you decide plaintiff was contributorily negligent, that will
not defeat plaintiff's claim for damages, if you also decide the defend-
ant's conduct was willful and wanton, because contributory negli-
gence is no defense where there is willful and wanton misconduct by
the defendant."

of defendant's exercise of ordinary care in accordance with SJI 10.01.[2] The defendant's request was denied.

The trial judge also instructed the jury regarding MCLA 257.649(e); MSA 9.2349(e),[3] forefeiture of right-of-way for excessive speed, but denied defendant's request for an instruction on MCLA 257.649(f); MSA 9.2349(f)[4] concerning plaintiff's failure to stop at a stop intersection.

Defendant's claim that the trial court erroneously denied his motion for directed verdict is without merit. *Hendershott v Rhein,* 61 Mich App 83; 232 NW2d 312 (1975), and *Verran v Blacklock,* 60 Mich App 763, 231 NW2d 544 (1975).

Defendant's contention that the trial judge erred in his instructions to the jury regarding MCLA 257.649; MSA 9.2349 is also without merit. The clear language of the statute,[5] as well as our

---

[2] The pertinent test of that instruction is:

"The defendant claims a loss of memory concerning the facts of this case and caused by the occurrence. If you find defendant has such a loss of memory concerning the facts of this case and caused by the occurrence, you must presume that he was free of negligence, if this presumption is not overcome by the evidence.

\*   \*   \*

"In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that defendant was not negligent."

[3] "(e) Forfeiture of right of way. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder."

[4] "(f) Stop signs. Except when directed to proceed by a police officer, the driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection, or if there is no crosswalk shall stop at a clearly marked stop line, or if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. After having stopped, the driver shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver would be moving across or within the intersection."

[5] *See* MCLA 257.649(e); MSA 9.2349(e).

decisions in *Green v Richardson,* 69 Mich App 133; 244 NW2d 385 (1976), and *Sabo v Beatty,* 39 Mich App 560; 197 NW2d 871 (1972), refute the defendant's claim of error. As we articulated in *Sabo, supra,* § 649 was amended by 1966 PA 237. That amendment separated the forefeiture of right-of-way provision into a distinct subsection. The apparent legislative intent, as implied in *Green v Richardson,* 69 Mich App at 139; 244 NW2d at 388, was to make the forefeiture provision applicable to all right-of-way provisions under § 649. MCLA 257.649; MSA 9.2349. Further, defendant admits in his appellate brief that there was no stop sign at that point. Thus, we agree with the trial judge's instructions, and add, incidently, that an instruction on MCLA 257.649(f); MSA 9.2349(f) would have probably confused the jury unnecessarily and resulted in reversible error.

The uncontroverted testimony of plaintiff's witness, Mrs. Treas, provides ample evidence to rebut a presumption that defendant was free from negligent operation of his automobile. Consequently, we conclude that it was a proper exercise of the trial judge's discretion to deny defendant's request for a jury instruction on traumatic amnesia pursuant to SJI 10.09.

Defendant contends that the trial court erred in instructing the jury on willful and wanton misconduct under SJI 14.02. The argument defendant posits is that the only evidence of his negligence was Mrs. Treas' testimony as to his excessive rate of speed. Excessive speed only, defendant argues, cannot support a finding of willful and wanton misconduct, and, therefore, the trial court's instruction was erroneous. The prejudicial effect of which defendant complains is the negation of his defense of plaintiff's contributory negligence.

In resolving this final issue, we must determine whether the testimony of a lay witness as to defendant's excessive speed is sufficient in and of itself to raise an issue of willful and wanton misconduct so that the trial judge, in a proper exercise of his discretion, may instruct the jury pursuant to SJI 14.02. No definitive ruling on this issue has been made by the Michigan Courts.

There is no exact standard for determining where ordinary negligence ends and willful and wanton misconduct begins; each case must be decided on its own facts. *Goss v Overton,* 266 Mich 62; 253 NW 217 (1934). Thus, the determination as to the existence of willful and wanton misconduct on the part of the actor is a question of fact to be resolved by the trier of fact. *Karney v Upton,* 353 Mich 262; 91 NW2d 297 (1958). This Court has held that only where the evidence unquestionably shows the existence or absence of willful and wanton misconduct may the trial judge rule on the issue as a matter of law. *Shepherd v Barber,* 20 Mich App 464; 174 NW2d 163 (1969).

In *Hoag v Paul C Chapman & Sons, Inc,* 62 Mich App 290, 299; 233 NW2d 530, 535 (1975), this Court, reiterating the holding of *Tien v Barkel,* 351 Mich 276; 88 NW2d 552 (1958), established the following test for willful and wanton misconduct:

" '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) Ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) The omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.' "

The Supreme Court has placed principal considera-

tion upon the actor's state of mind, which, it has concluded, is "necessarily a matter of inference from the facts in each case". *Turner v Cotham,* 361 Mich 198, 208; 105 NW2d 237, 242 (1960), citing *Karney v Upton,* supra. Excessive speed itself was held in *Turner, supra,* to be insufficient to impose liability under the guest passenger statute unless accompanied by willful and wanton misconduct. It was concluded, however, that the presence of willful and wanton misconduct is a question of fact. See also *Anderson v Gene Deming Motor Sales, Inc,* 371 Mich 223, 230; 123 NW2d 768, 771 (1963).

We conclude that evidence of excessive speed may be sufficient itself to raise an issue of willful and wanton misconduct for trier of fact resolution. Excessive speed may raise an inference that the actor has that state of mind which satisfies the test promulgated by this Court in *Hoag, supra.*

An automobile, when operated at an excessive rate of speed, becomes a dangerous instrumentality capable of inflicting serious injury or death. Safety on our roads and highways demands operation of motor vehicles at reasonable speeds. Whenever a driver causes injury to another and it is shown that the speed at which he was driving is so excessive as to constitute a willful and wanton disregard for the safety of others, our policies will not countenance using the victim's contributory negligence as a defense to liability.

In the case under review there was uncontroverted testimony that the defendant operated his car on a city street, at night, in a posted 35 mile per hour zone at speeds permitted only on expressways and limited-access highways. We cannot say that the trial judge abused his discretion in concluding that this evidence raised an issue as to

defendant's willful and wanton misconduct for jury consideration. Accordingly, the instruction to the jury pursuant to SJI 14.02 was proper.

However, we must caution that a trial court should not place an issue of willful and wanton misconduct before the jury that is not genuinely raised by the facts. Since a finding of willful and wanton misconduct deprives the defendant of a valid defense of plaintiff's contributory negligence, a jury instruction on that issue will constitute reversible error where the issue does not reasonably arise from the evidence.

Affirmed. Costs to plaintiff.