573 P.2d 894

**Virginia L. BRADSHAW and Gary D. Bradshaw, wife and husband, Appellants,**

**v.**

**Dorothy M. WOLFE, Appellee.**

**No. 2 CA–CIV 2380.**

Court of Appeals of Arizona, Division 2.

Oct. 28, 1977.

Rehearing Denied Dec. 8, 1977.

Review Denied Jan. 10, 1978.

Robert Morrison, Sierra Vista, for appellants.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

Appellants brought an action for personal injuries resulting from a two-car accident in Cochise County. The determinative issue in this case is whether the intersection where the accident occurred was a "T" intersection.

The facts show that the defendant-appellee Dorothy Wolfe was traveling north on Axehead Drive and plaintiffs-appellants were eastbound on First Avenue in Miracle Valley, Arizona. The west boundary of the traveled portion of Axehead Drive south of First Avenue is in line with the east boundary of the traveled portion of Axehead Drive north of First Avenue.

The automobiles collided as the Wolfe vehicle was proceeding across First Avenue. There was no traffic sign on First Avenue at the intersection with Axehead Drive or on Axehead Drive south of First Avenue.

Despite the plaintiffs' objection, the trial court gave the jury the following instruction based on A.R.S. § 28–771(A):

> "When two vehicles enter or approach an intersection from different streets or highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

The trial court refused to instruct the jury on the remainder of the statute.

Plaintiffs claim this was error because the foregoing law does not apply to a "T" intersection. We agree.

A.R.S. § 28–771(A) reads:

> "When two vehicles enter or approach an intersection from different streets or highways at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. *This subsection does not apply to vehicles approaching or entering an uncontrolled 'T' intersection when the vehicle on the left is on a continuing street or highway and the vehicle on the right is on the terminating street or highway. The vehicle on the terminating street or highway shall yield to the vehicle on the continuing street or highway.*" (Emphasis added)

The type of intersection involved here is identical to the one in *Green v. Richardson*, 69 Mich.App. 133, 244 N.W.2d 385 (1976). The Michigan court held as a matter of law that the intersection was a "T" intersection, rendering inapplicable the requirement that the vehicle on the left yield to the vehicle on the right. Paraphrasing the language of the Michigan court, Axehead Drive does not completely end at First Avenue; nevertheless, a vehicle proceeding north on Axehead Drive would be required to make two turns, to the left and to the right, in order to cross First Avenue and remain in the proper lane at all times. Were a vehicle proceeding

north on Axehead Drive, whether in the left half of the roadway or in the right and proper half, to continue straight, it would be confronted at First Avenue with a dead end intersection of a "T" type.

The trial court erred in its instruction and in failing to instruct the jury on the duty applicable to drivers approaching or entering an uncontrolled "T" intersection.

Reversed and remanded for new trial.

HATHAWAY, J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTE: RICHMOND, J., having requested that he be relieved from consideration of this matter, ALICE TRUMAN, Judge, was called to sit in his stead and participate in the determination of this decision.